ACCEPTED
12-15-00087-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
7/8/2015 4:46:19 PM
CATHY LUSK
CLERK

CASE NO. 12-15-00087-CV

IN THE
TWELFTH COURT OF APPEALS
at Tyler

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

7/8/2015 4:46:19 PM

CATHY S. LUSK
Clerk

_____

EXCO OPERATING COMPANY, LP

Appellant,

V.

MARY K. MCGEE

Appellee.

_____

Appeal from Cause No. 369-09
115th District Court, Upshur County, Texas
Honorable Lauren Parish Presiding

_____

BRIEF OF APPELLEE MARY K. MCGEE

JOHN D. SLOAN, JR.
Texas Bar No. 18505100
E-mail: jsloan@sloanfirm.com
JUSTIN A. SMITH
Texas Bar No. 24068415
E-mail: jsmith@sloanfirm.com
Sloan, Bagley, Hatcher & Perry Law
Firm
101 East Whaley Street
P.O. Drawer 2909
Longview, Texas 75606
Telephone: 903-757-7000
Telecopier: 903-757-7574


ATTORNEYS FOR APPELLEE
MARY K. MCGEE

i

ORAL ARGUMENT REQUESTED

# IDENTITY OF PARTIES AND COUNSEL

1. EXCO Operating Company, LP, Appellant

   Counsel for Appellant:      JENNIFER PARKER AINSWORTH
   Texas Bar No. 00784720
   E-mail: jainsworth@wilsonlawfirm.com
   MATTHEW T. MILAM
   Texas Bar No. 24065746
   E-mail: mmilam@wilsonlawfirm.com
   WILSON, ROBERTSON & CORNELIUS, P.C.
   One American Center
   909 ESE Loop 323, Suite 400 [01]
   P.O. Box 7339
   Tyler, Texas 75711-7339
   Telephone: 903/509-5000
   Telecopier: 903/509-5091

2. Mary K. McGee, Appellee

   Counsel for Appellee:      JOHN D. SLOAN, JR.
   Texas Bar No. 18505100
   E-mail: jsloan@sloanfirm.com
   JUSTIN A. SMITH
   Texas Bar No. 24068415
   E-mail: jsmith@sloanfirm.com
   Sloan, Bagley, Hatcher & Perry Law Firm
   101 East Whaley Street
   P.O. Drawer 2909
   Longview, Texas 75606
   Telephone: 903-757-7000
   Telecopier: 903-757-7574

3. Presiding Judge:      The Honorable Lauren Parish
   115th District Court, Upshur County, Texas

# TABLE OF CONTENTS

Identity of Parties and Counsel.................................................. i

Table of Contents.............................................................. iii

Index of Authorities.......................................................... iv

Terminology. .................................................................. vi

Statement of the Case......................................................... vii

Statement Regarding Oral Argument........................................ viii

Issues Presented for Review................................................... ix

Statement of Facts. .......................................................... 1

Standard of Review. .......................................................... 6

Summary of the Argument. ................................................... 8

Argument and Authorities. .................................................. 10

Prayer........................................................................ 40

Certificate of Service........................................................ 41

Certificate of Compliance. ................................................... 42

Table of Contents to Appellee's Appendix............................... 43

# INDEX OF AUTHORITIES

**CASES**                                                                **PAGE(S)**

*Allstate Ins. Co. v. Lincoln*, 976 S.W.2d 873
    (Tex. App.—Waco 1998, no pet.) ......................... 12

*Arthur Anderson & Co. v. Perry Equip. Corp.*,
    945 S.W.2d 812 (Tex. 1997) ........................... 27, 29, 30, 35

*Bencon Mgmt. & Gen Contr., Inc. v. Boyer, Inc.*, 178 S.W.3d 198
    (Tex. App.—Houston [14th Dist.] 2005, no pet.)................. 38

*Findlay v. Cave*, 611 S.W.2d 57, 58 (Tex. 1981) ................. *passim*

*Flint & Assocs. v. Inter'l Pipe & Steel, Inc.*,
    739 S.W.2d 622 (Tex. App.—Dallas 1987, writ denied)....... 7

*Green Tree Acceptance, Inc. v. Pierce*, 768 S.W.2d 416
    (Tex. App.—Tyler 1989, no writ)......................... 10

*In re Servicios Legales de MesoAmerica S. de R.L.*, 2014 Tex. App.
    LEXIS 2505 *23
    (Tex. App.—Corpus Christi 2014, no pet.))........................ 30

*Llanes v. Davila*, 133 S.W.3d 635
    (Tex. App.—Corpus Christi 2003, pet. denied) .................. 11

*Murrco Agency, Inc. v. Ryan*, 800 S.W.2d 600
    (Tex. App.—Dallas 1990, no writ) ........................ 10

*Musgrave v. Brookhaven Lake Prop. Owners Ass'n*,
    990 S.W.2d 386
    (Tex. App.—Texarkana 1999, pet. denied) .................. 35, 36

*Owen Elec. Supply, Inc. v. Brite Day Constr., Inc.*,
    821 S.W.2d 283
    (Tex. App.—Houston [1st Dist.] 1991, writ denied)........... 33

*Oyster Creek Fin. Corp. v. Richwood Invs. II, Inc.*,
    176 S.W.3d 307
    (Tex. App.–Houston [1st Dist.] 2004, pet. denied) ............ 6

*Pegasus Energy Group, Inc. v. Cheyenne Petroleum Co.*,
    3 S.W.3d 112
    (Tex. App.—Corpus Christi 1999, pet. denied) ......... *passim*

*Sabine OffShore Serv., Inc. v. City of Port Arthur*,
    595 S.W.2d 840 (Tex. 1979) ..................................... 30

*Smith v. Patrick W.Y. Tam Trust*,
    296 S.W.3d 545 (Tex. 2009) .............................. 33, 34

*Thomas v. Bobby D. Assocs.*, 2008 LEXIS 5881
    (Tex. App.–Tyler 2008, no pet.). ................................ *passim*

*Transportation Ins. v. Moriel*,
    879 S.W.2d 10, 30 (Tex. 1994) ................................ 7

*Warrior Constructors, Inc. v. Small Business Investment Co. of*
    *Houston*, 536 S.W. 2d 382, 386
    (Tex. App. – Houston [14th Dist.] 1976, no writ) ......... 22, 25

*Wayne v. A.V.A. Vending, Inc.*, 32 S.W.3d 412, 418
    (Tex. App.—Corpus Christi 2001, pet. denied) ...... 20, 21, 24

## Texas Statutes

Tex. Bus. & Com. Code §17.50(d). ................................ 10

Tex. Civ. Prac. & Rem. Code § 38.001 et seq. .................. *passim*

Tex. Disciplinary R. Prof. Conduct 1.04 ............................ 28

# TERMINOLOGY

| | |
|---|---|
| "EXCO" or "Appellant" | Appellant/Defendant, EXCO Operating Company, LP |
| "McGee" or "Appellee" | Appellee/Plaintiff, Mary K. McGee |
| "Judge Parish" | Honorable Lauren Parish, 115th Judicial District Court, Upshur County, Texas |
| The "Lease" | The Oil, Gas and Mineral Lease Dated February 21, 1996, originally between Curtis Webb and Wife Mary K. McGee, as lessors, and Amoco Production Company, as lessee. (5 R.R. Pl. Ex. 1) |
| The "Property" | The 93.9 acres of land, more or less, a part of the David Meredith Survey, A-315, subject to the Lease and made the basis of the underlying lawsuit brought by McGee. |

## STATEMENT OF THE CASE

This appeal arises from an award of attorney's fees incurred by the prevailing claimant in a breach of contract suit. On February 14, 2014, a properly instructed jury unanimously found Appellant EXCO liable to Appellee McGee for violating certain provisions of the Lease, and awarded McGee $4,108.25 of the $34,156.25 that she sought in actual damages. (4 R.R. 88). Pursuant to a Rule 11 agreement, the parties submitted the issue of attorney's fees to Judge Parish by affidavit. (App. Tabs 1, 2, 3). In an order signed on April 21, 2014, Judge Parish awarded McGee the full amount of attorney's fees that she sought, $39,773.75. (C.R. 239) On June 6, 2014, the trial court entered its Findings of Fact and Conclusions of Law, and on January 7, 2015, Judge Parish signed a Final Judgment awarding McGee $4,108.25 in actual damages and $39,773.75 in attorney's fees. (Appellant's App. Tab 1 and Appellant's App. Tab 2). On February 6, 2015, EXCO filed a Motion for New Trial on attorney's fees, which was overruled by operation of law. (C.R. 263-269). On April 6, 2015, EXCO filed its Notice of Appeal. (C.R. 270-271)

## STATEMENT REGARDING ORAL ARGUMENT

McGee asks this Court to grant oral argument in this matter because full discussion of the case would materially aid in this Court's decision-making process.

## ISSUES PRESENTED

1.  Is a victorious plaintiff in a breach of contract suit still entitled to attorney's fees when her unliquidated pre-trial settlement demands are greater than her actual recovery at trial?

2.  May a trial judge award a victorious plaintiff the reasonable attorney's fees incurred in prosecuting her breach of contract suit when those fees exceed the jury's award of actual damages?

CASE NO. 12-15-00087-CV

IN THE

TWELFTH COURT OF APPEALS

at Tyler

_____

EXCO OPERATING COMPANY, LP

Appellant,

V.

MARY K. McGEE

Appellee.

_____

Appeal from Cause No. 369-09
115th District Court, Upshur County, Texas

Honorable Lauren Parish Presiding

_____

BRIEF OF APPELLEE MARY K. McGEE

_____

# I. <u>STATEMENT OF FACTS</u>

In 2006, Appellant EXCO Operating Company, LP ("EXCO", "Appellant") notified Appellee Mary K. McGee ("McGee", "Appellee") of its intent to drill a gas well on her land in Upshur County, Texas (the "Property") (5 R.R. Def.'s Ex 5) pursuant to an

1

Oil, Gas and Mineral Lease entered into by McGee in 1996 (the "Lease") (Appellant's App. Tab 4). (5 R.R. Def.'s Ex 5). Though not the original lessee, EXCO was the lessee at all times relevant to this suit.[1] Attached to the boilerplate of the Lease were two unique provisions, Paragraphs 13 and 14. (Appellant's App. Tab 4). The first confined EXCO's operations to the southeast 33.2 acres of the property and was not disputed in the trial court. (5 R.R. 80). The other provision, Paragraph 14, formed the center of the dispute below and provided that:

> Lessee shall pay for *all damages* caused by its operations hereunder to houses, buildings, fences, wells, roads and other improvements, cattle and other livestock, growing crops, trees and grasses. *As soon as is practicable* after completion of drilling operations on the leased premises, *the lessee shall* fill in and cover up all slush pits and other excavations made in the course of its operations hereunder and *shall clean up the drillsite and restore the surface of the ground to as near its formal [sic] condition as is practicable.*"

(Appellant's App. Tab 4) (emphasis added)

---

[1] McGee originally filed suit against TXOK Texas Energy Resources, LP, TXOK Texas Energy Holdings, LLC, and EXCO Operating Company, LP. The TXOK entities were merged into EXCO Operating Company, LP. Any references in the record to either TXOK entity should be treated as references to EXCO.

2

In late 2006 or early 2007, EXCO drilled a gas well on the Property. (3 R.R. 66). After the well was drilled, EXCO representatives offered compensation for various damages related to EXCO's drilling operations "in exchange for signed agreements." (5 R.R. Def.'s Ex 6). Though under Paragraph 14, EXCO was expressly obligated both to tender payment for certain damages and to restore the drillsite to its proper condition, it did neither. (3 R.R. 34); (3 R.R. 123-24). While it approached McGee[2] with offers to give her money for certain damages, instead of simply tendering payment for them, it conditioned payment on additional performance not contained within the Lease: in order to receive payment, McGee would have to sign further agreements, such as releases and easements. (Appellant's App. Tab 6). Because the original Lease did not contain these extra agreements as conditions to EXCO's performance, McGee declined to sign them. (3. R.R. 46-47). As a result, EXCO never made any payment to McGee under the Lease. (3 R.R. 37-38).

---

[2] Most interactions between EXCO and McGee actually took place between EXCO and Kenneth Freeman, McGee's significant other who was authorized to act on her behalf in such discussions. (3 R.R. 95-96)

McGee filed her Original Petition and Request for Disclosure, asserting EXCO's breach of the Lease by failing to perform its obligations under Paragraph 14. (C.R. 6-14). After filing suit, on January 23, 2012 and again on April 10, 2013, McGee made written settlement demands of EXCO for $90,000 in *unliquidated* damages for its failure to comply with the terms of the Lease, and specifically, EXCO's failure to pay for the damage to the land, restore it to its pre-drilling condition, and compensate for the lost timber, as it was obligated to do without attempting to strong-arm releases and additional concessions five years prior. (Appellant's App. Tab 5 and Appellant's App. Tab 6).

In December of 2013, after the case went to mediation, McGee reduced her demand in response to an offer from EXCO for $30,048. (App. Tab 2 and App. Tab 3). Despite this, the parties were unable to reach a compromise, and on February 13, 2014, the case went to trial. (3 R.R. 1).

After a two-day jury trial, the jury rendered a verdict. (4 R.R. 88). At trial, McGee sought damages under the Lease for $30,048.00 in property damage and $4,108.25 in timber damage,

4

the jury found EXCO liable and awarded McGee $4,108.25 in damages for lost timber. *Id.* By agreement, the parties submitted the issue of attorney's fees to the trial judge, and filed evidence with the court. (Appellant's App. Tab 2; App. Tabs 1, 2, 3).

Finding that McGee acted reasonably in making her demands and prosecuting her lawsuit, on February 21, 2014, Judge Parish awarded McGee the full value of the attorney's fees that she sought, $39,773.75. (C.R. 239) On June 6, 2014, the trial court entered its Findings of Fact and Conclusions of Law, and on January 7, 2015, Judge Parish signed a Final Judgment awarding McGee $4,108.25 in actual damages and $39,773.75 in attorney's fees. (Appellant's App. Tab 1 and Appellant's App. Tab 2). On February 6, 2015, EXCO filed a Motion for New Trial on attorney's fees; the trial court did not rule on the motion, and it was overruled by operation of law. (C.R. 263-269). On April 6, 2015, EXCO timely filed its Notice of Appeal. (C.R. 270-271)

## II. STANDARD OF REVIEW

### A. Excessive Demand

An excessive demand finding is reviewed for evidentiary sufficiency. *See Oyster Creek Fin. Corp. v. Richwood Invs. II, Inc.*, 176 S.W.3d 307, 317-18 (Tex. App.–Houston [1st Dist.] 2004, pet. denied). A party attacking the legal and factual sufficiency of an adverse finding on which he has the burden of proof must demonstrate that the evidence conclusively establishes, as a matter of law, all facts in support of the issue or, alternatively, that the adverse finding is against the great weight and preponderance of the evidence. *Id.* at 318. In reviewing a claim that the evidence conclusively establishes liability as a matter of law, the reviewing court considers evidence and inferences supporting the finding and ignores all evidence and inferences to the contrary. *Id.* In reviewing a claim that the finding is against the great weight and preponderance of the evidence, the reviewing court considers and weighs all of the evidence, and may set aside the finding only if it is so against the great weight and

6

preponderance of the evidence that it is clearly wrong and unjust. *Id.*

## B. Reasonableness and Necessity of Attorney's Fees Award

A trial court's award of attorney's fees will not be disturbed absent an abuse of discretion. *See Pegasus Energy Group, Inc. v. Cheyenne Petroleum Co.*, 3 S.W.3d 112 (Tex. App.—Corpus Christi 1999, pet. denied). A trial court may be reversed for abusing its discretion only when the court of appeals finds the court acted in an unreasonable, arbitrary manner, or acted without reference to any guiding rules or principles. *Id.* The determination of what is reasonable cannot be made by application of some mechanical formula; a reviewing court must consider the entire case. *See Flint & Assocs. v. Inter'l Pipe & Steel, Inc.*, 739 S.W.2d 622 (Tex. App.—Dallas 1987, writ denied).

## C. Remittitur

The standard the court of appeals applies to review an issue of remittitur is the factual sufficiency of the evidence. *Transportation Ins. v. Moriel*, 879 S.W.2d 10, 30 (Tex. 1994). The court of appeals applies the same standard when it reviews a trial

court's suggestion of remittitur as when it reviews a request for remittitur made on appeal. *Id.* Where error only affects the amount of attorney's fees awarded, the issue of attorney's fees is severable. *Thomas v. Bobby D. Assocs.*, 2008 LEXIS 5881, *13 (Tex. App.–Tyler 2008, no pet).

## III. SUMMARY OF THE ARGUMENT

A. **McGee's Reasonable, Unliquidated Pre-trial Demands Complied with Chapter 38 and She Is Entitled to Attorney's Fees.**

The trial court properly awarded McGee the reasonable attorney's fees that she incurred while prosecuting her lawsuit against EXCO. McGee's unliquidated settlement demands reflected her understanding of her entitlement to compensation under the Lease, properly presented her claim to EXCO, and met the statutory requirements to recover attorney's fees. EXCO's arguments in its brief represent a well-orchestrated bit of legal calisthenics. EXCO contorts authority regarding *liquidated* damages for a case involving *unliquidated* damages, and thus fails to identify any authority to justify labeling McGee's demands unreasonable and overturning Judge Parish's award of McGee's

attorneys' fees. To the extent that EXCO focuses on McGee's $90,000 demands as unreasonable, it omits facts essential to a proper evaluation of McGee's settlement demands.

B.    <u>Judge Parish Properly Awarded McGee the Reasonable Attorney's Fees that She Incurred Prosecuting this Action.</u>

The trial court properly awarded McGee the reasonable attorney's fees that she incurred while prosecuting her lawsuit against EXCO. McGee presented Judge Parish with sufficient evidence to support her award of attorney's fees. EXCO fails to provide any compelling justification to support its argument that McGee's fee award is somehow limited by her damage award. None of EXCO's cited authority speaks to the issue of attorney's fees awarded by a trial judge under Chapter 38, as is the situation in the case at bar. Moreover, much of the authority that EXCO cites actually suggests that Judge Parish's ruling should be affirmed.

C.    <u>Remittitur.</u>

As McGee's fee award is supported by sufficient evidence, remittitur is unnecessary and inappropriate. EXCO fails to provide any authority to support its request for remittitur.

## IV. ARGUMENT AND AUTHORITIES

Chapter 38 of the Texas Civil Practice and Remedies Code ("Chapter 38") provides that the prevailing claimant in a breach of contract suit may collect her reasonable attorney's fees alongside her damages. Tex. Civ. Prac. & Rem. Code § 38.001(8). Though some other attorneys' fees provisions require a showing that the fees are both reasonable and necessary, Chapter 38 requires only that they be reasonable. *Compare Murrco Agency, Inc. v. Ryan*, 800 S.W.2d 600, 606 (Tex. App.—Dallas 1990, no writ) (citing Tex. Civ. Prac. & Rem. Code § 38.001 ("A person may recover reasonable attorney's fees from an individual or corporation. . . .")) *with Green Tree Acceptance, Inc. v. Pierce*, 768 S.W.2d 416, 424-25 (Tex. App.—Tyler 1989, no writ) (citing Tex. Bus. & Com. Code § 17.50(d) (". . .Each consumer who prevails shall be awarded court costs and reasonable *and necessary* attorneys' fees.") (emphasis added)). Descriptively entitled "Attorney's Fees",

Chapter 38 codifies the notion that when bringing suit to enforce a contract, "it's not the money, it's the principle." See Tex. Civ. Prac. & Rem. Code § 38.005 ("This chapter shall be liberally construed to promote its underlying purposes").

A.    McGee's Reasonable, Unliquidated Pre-trial Demands Complied with Chapter 38 and She Is Entitled to Attorney's Fees.

In order to recover her attorney's fees, a contract claimant must be represented by an attorney and present her claim to the breaching party by requesting or demanding payment on the claim. Tex. Civ. Prac. & Rem. Code §§ 38.002(1), (2); see *Llanes v. Davila*, 133 S.W.3d 635, 641 (Tex. App.—Corpus Christi 2003, pet. denied) ("No particular form of presentment of a claim is required. The word "present" has been defined to mean simply a demand or request for payment." (internal citations omitted)). If the breaching party fails to tender the just amount due within 30 days, the claimant may recover her attorney's fees if she ultimately prevails on her claim. Tex. Civ. Prac. & Rem. Code § 38.002(3). The statute places no other temporal requirements on presentment or tender of payment. Chapter 38 does not require a

claimant to liquidate her claims before she may recover attorney's fees. *Allstate Ins. Co. v. Lincoln*, 976 S.W.2d 873, 878 (Tex. App.— Waco 1998, no pet.).

1. <u>McGee, Through Her Attorney, Presented Her Claim to EXCO, who Failed to Tender Any Sort of Payment.</u>

On January 23, 2012 and again on April 20, 2013, McGee, through her attorney, made written settlement demands of EXCO for $90,000 for failing to perform its contractual duties under the Lease. Further, this case was mediated in an attempt to resolve the case and, after mediation in December of 2013, McGee made a final pre-trial demand for $60,000 in response to EXCO's settlement offer for $30,048. (App. Tab 2 and App. Tab 3). At no point did EXCO tender payment on McGee's claim. (3 R.R. 44).

EXCO does not dispute that McGee's demands meet each of Chapter 38's statutory elements, and argues instead that her demands were excessive as a matter of law and deprive McGee of her statutory right to attorney's fees. This cannot be the case. Neither the authority cited nor arguments raised by EXCO justify disturbing Judge Parish's award of McGee's attorney fees.

## 2. McGee Made Reasonable Settlement Demands, Given the Nature of Her Damages.

EXCO's argument is essentially "foresight is 20/20." In that vein, EXCO pays lip service to *Finlay v. Cave*, stating that "[a] judgment for less than the amount demanded is some evidence of excessiveness, but a demand is not necessarily excessive simply because it is greater than what the jury determined was actually due." (Appellant's Brief at 11) (citing *Findlay v. Cave*, 611 S.W.2d 57, 58 (Tex. 1981)). EXCO proceeds to largely ignore *Findlay* and argue that McGee's unliquidated demand was excessive because the jury found she was entitled to a lesser amount, largely based on citations to cases in the creditor-debtor context.

Here is what the Texas Supreme Court stated in *Findlay*:

*Findlay v. Cave*, 611 S.W.2d 57, 611 (Tex. 1981) (emphasis added).

Presuming that a jury finding over two years *after* the first presentment of an unliquidated damages demand is made in a breach of contract case is, indeed, some evidence of excessiveness, "some" evidence is not conclusive evidence that warrants overturning a trial court's finding of reasonableness. In determining whether a demand is excessive, the dispositive inquiry is and remains whether the claimant acted unreasonably or in bad faith in making her demands. *Id.*

### a. EXCO Failed to Perform Its Contractual Duties to Pay McGee for Her Timber and Restore the Well Site to its Proper State.

Under the Lease, EXCO was obligated to pay for all damages its operations caused to timber and grasses on McGee's property. (Appellant's App. Tab 4). Additionally, EXCO agreed that it would "fill in and cover up all slush pits and other excavations made in the course of its operations hereunder and shall clean up the drillsite and restore the surface of the ground to as near its formal [sic] condition as is practicable." *Id.* At the time McGee brought

14

suit on June 24, 2009, EXCO's drilling operations on her property had been complete for approximately two years, and EXCO had neither cleaned up the drill site nor paid McGee for the damage it did to her timber. Both failures violated the Lease, and gave rise to the lawsuit below. (C.R. 6-14).

In that respect, it is likely helpful to actually see what McGee's land looked like before and after EXCO's operations and in the years after drilling was complete, which guided McGee to demand $90,000.00 in damages.





16







17



MCGEE134



MCGEE135



MCGEE142

18



(App. Tab 5).

The photographs Bates Labeled as McGee 120, *et seq.*, were taken in October of 2011, four years *after* EXCO's drilling operation was completed and they were obligated to pay for the damage and restore the site to its pre-drilling condition. Despite this, however, EXCO argues that McGee demanded monies beyond those to which she was entitled under the Lease, rendering her demands unreasonable. However, this argument departs from the practical reality of the situation: there is *no* liquidated damages provision in the Lease indicating the value of EXCO's promises or the damage caused by their drilling operation, leaving McGee to estimate her damages based on the damage that was visibly present and the change in condition

which had apparently occurred. Absent any sort of valuation of those unfulfilled promises, EXCO fights an uphill battle to carry its burden of proof and establish that McGee made her initial demands unreasonably or in bad faith. Such an assertion is similarly tenuous in light of the fact that McGee's final pre-trial demand of $60,000—once an appraisal of the land was obtained—was less than twice the amount of EXCO's final pre-trial offer of $30,048. (App. Tab 3).

### b. McGee Made Unliquidated Demands to Which She Reasonably Believed She Was Entitled.

Despite the unliquidated nature of her damages and despite EXCO's acknowledgement that a jury's award *cannot* form the basis of reversing a trial court's finding that a demand was reasonable, EXCO asserts, that "McGee demanded monies to which she was not entitled, and therefore her demand was excessive." (Appellant's Brief at 11). It is certainly true that when a claimant demands a *liquidated* sum to which she is not entitled, her demand is unreasonable and consequently excessive. *Wayne v. A.V.A. Vending, Inc.*, 32 S.W.3d 412, 418 (Tex. App.—Corpus Christi 2001, pet. denied). At first, in an attempt to make it

appear as if EXCO's argument is something more than "the jury awarded more than the demand," EXCO asserts that McGee "unreasonably demanded compensation due to the location of the well." (Appellant's Brief, pg. 11). EXCO is referencing one piece of one sentence, stating that "*Plaintiff does not feel that $18,518.25 fully compensates her* for her losses including but not limited to damages cause[d] by the destruction of grass, trees, land by pits and excavations dug, and change of drill location on land which Plaintiff intended to build upon." (Appellant's App. Tab 6). This is a comment on the sufficiency of EXCO's offer, not a demand for any sum of money for changing the drill location, contrary to how EXCO would make it seem. Thus, unlike *Wayne v. A.V.A. Vending, Inc.*, to which EXCO cites, EXCO does not, and cannot, point to any portion of the $90,000.00 demand that constitutes compensation for changing the drill location, as opposed to the visible destruction to grass, trees, land by pits and excavations dug, which EXCO had not paid for and had not restored to its pre-drilling condition in the five years prior to the demands being

made or that renders the demand that was actually made, in light of the visible damage to the land, unreasonable.

Moreover, EXCO's invocation of that rule is improper here. EXCO cites a line of authority stemming from *Findlay v. Cave* for the proposition that "a creditor who makes an excessive demand of a debtor is not entitled to attorney's fees for the litigation required to recover the debt." *Id.* (citing *Findlay,* 611 S.W.2d at 58). While this dicta is true, it not only misses the point of the opinion, but also undermines EXCO's own position.

In *Findlay*, the Texas Supreme Court held that the plaintiff's liquidated pre-trial demand for payment under the terms of his employment contract was reasonable, even though it exceeded the damages that the jury awarded at trial. *Findlay,* 611 S.W.2d at 58. The Court specifically distanced demands for unliquidated sums with the demands for liquidated sums present in the excessive-demand cases cited to it—including, notably, *Warrior Constructors, Inc. v. Small Business Investment Co. of Houston*, which EXCO cites here in an attempt to paint McGee's demands as excessive. *Id.*; (Appellant's Brief at 13) (citing 536 S.W. 2d 382,

386 (Tex. App. – Houston [14th Dist.] 1976, no writ) (where a creditor demanding $35,000 on a debt of $25,000 was found unreasonable)).

As quoted above, the *Findlay* court noted that when a pre-trial demand is greater than a jury eventually finds due, it "may indeed be some evidence of an excessive demand. In fact, where the sum due is *liquidated*, it may be very persuasive evidence. But it cannot be the only criterion for determination, especially where the amount due is *unliquidated.*" *Findlay*, 611 S.W.2d at 58 (emphasis added). To the extent that EXCO argues that McGee demanded monies to which she was not entitled, it lacks the authority to support its contention. When a case deals with unliquidated damages such as McGee's, the question of what a claimant is entitled to demand becomes somewhat broader. Demands for liquidated and unliquidated damages necessarily give rise to differing concerns, and EXCO presents no authority to justify bridging that gap.

### c. McGee's Damage Model and Actual Recovery at Trial Have Little Impact on the Propriety of Her Pre-Trial Settlement Demands.

As an initial matter, EXCO argues—without authority—that McGee's strategic decision to reduce her damage model for trial somehow demonstrates that her pre-trial demands were unreasonable and excessive. (Appellant's Brief at 13) Not so. Absent some sort of authority, such an argument barely merits acknowledgment. The notion that a claimant's gradual reduction of her damage model as her case develops could somehow render her pre-trial demands excessive and unreasonable *in toto* lands somewhere in the span between "ludicrous" and "patently absurd".

Additionally, EXCO contends that because the jury did not ultimately award McGee the full measure of damages under the Lease that she requested, her inclusion of those damages in her settlement demands renders them unreasonable and excessive. *Id.* However, unlike every single case that EXCO cites to support this argument, McGee's claim was for unliquidated damages. See *Wayne*, 52 S.W.3d at 418 (where a landlord attempted to charge double holdover rent and other fees not required under the terms of a commercial lease); *Findlay*, 611 S.W.2d 57 (where a wrongfully terminated employee sought recovery on the terms of

24

his employment contract); *Warrior Constructors, Inc.* 536 S.W.2d at 386 (where an assignee of a $25,000 debt demanded $35,000 in payment). In every one of those cases, the claimants were legally entitled to—and made demands departing appreciably from—a certain liquidated sum readily determinable from the terms of the contracts themselves. The unliquidated damages at issue here present a markedly different scenario.

EXCO would have this Court label McGee's pre-trial demands unreasonable and excessive *in toto* because they were greater than the jury's ultimate award and because they included damages that, while submitted to the jury as a disputed fact question, McGee did not ultimately recover. Such a holding would set a dangerous precedent and severely curtail the ability of litigants to negotiate settlements in disputes involving unliquidated damages. Plaintiffs would be incentivized to lowball themselves, lest they make *any* settlement demand—even in good faith—greater than the award they receive at trial and find themselves unable to recover attorney's fees. Likewise, defendants would be disincentivized from recommending settlement offers

that, even if rejected, might later be re-examined and declared legally excessive, exposing them to consequences from their clients. Though EXCO asserts that the jury's verdict renders McGee's demands unreasonable, its analysis simply lacks the authority to support its conclusion and disturb Judge Parish's ruling.

3. <u>EXCO Mischaracterizes the Facts in Order to Paint McGee's Demands as Unreasonable.</u>

Separate and aside from the issues with its cited authority, EXCO deliberately mischaracterizes McGee's pre-trial settlement demands. In a calculated omission, it discusses *only* McGee's initial demands of $90,000 and neglects to include any mention whatsoever of the reduced demands she made later in the lawsuit. Unlike its affidavit filed in the court below responding to McGee's request for attorney's fees, EXCO's brief to this Court specifically excludes all mention of the reduced demands McGee made as experts were retained, appraisals were made, and the suit developed generally. *Compare* (App. Tab 2, pg. 2 ("Prior to trial, Plaintiff demanded $90,000 for alleged damages.... [N]o lower

demands were ever conveyed *before mediation*....") (emphasis added)) *with* (Appellant's Brief (making no mention of lower offers made at mediation)).

By challenging all of McGee's pre-trial demands and failing to even acknowledge the reduced settlement demands McGee made as the case developed, EXCO recasts this case's factual history into one more favorable to its position. As presented, EXCO's brief manifests—at the very least—a conscious decision not to inform this Court of the opportunities it had to settle the case for less than the sum it now challenges as excessive. Such an omission mischaracterizes the fundamental facts upon which this Court will base its holding. Coupled with the tone of EXCO's brief, this mischaracterization leaves no room for an accurate understanding of the facts below.

B.   **Judge Parish Properly Awarded McGee the Reasonable Attorney's Fees that She Incurred Prosecuting this Action.**

In *Arthur Anderson & Co. v. Perry Equip. Corp.*, the Texas Supreme Court provided courts with guidance to evaluate attorney's fees, specifically contingency fees. 945 S.W.2d 812, 818

(Tex. 1997) (quoting Tex. Disciplinary R. Prof. Conduct 1.04, reprinted in Tex. Gov't Code Ann. Tit. 2, subtit. G app (State Bar Rules, art. X, § 9)). Presented with an action under the DTPA, the Court identified numerous factors for a factfinder to consider when awarding attorney's fees, including: the time and labor required; the novelty and difficulty of the questions involved, and the skill required to perform the service properly; the likelihood that acceptance of that employment will preclude other employment by the lawyer; the fee customarily charged in the locality for similar legal services; the amount involved and results obtained; time limitations imposed by clients or circumstances; nature and length of the relationship with the client; the qualification of the lawyers providing the services; and whether the fee agreement is fixed or contingent. The Court noted that it did "not believe that the DTPA authorizes the shifting of the plaintiffs *entire contingent fee* to the defendant without consideration of the factors required by the Rules of Professional Conduct." *Id.* (emphasis added). In a case involving an hourly billing rate, different factors carry different weight.

A trial judge, to whom the issue of attorney's fees is submitted by agreement, may take judicial notice of usual and customary attorney's fees without receiving any further evidence. Tex. Civ. Prac. & Rem. Code § 38.004. This Court noted in *Thomas v. Bobby D. Assocs.* that "[i]t is not necessary for the court to receive evidence on each of [the *Arthur Anderson*] factors. The nature and extent of the services performed is typically shown by the number of hours and the hourly rate, but there is no absolute requirement that these facts be in evidence." 2008 Tex. App. Lexis 5881 at *5 (Tex. App.—Tyler 2008, no pet.) (internal citations omitted). It is presumed that the usual and customary attorney's fees in a given dispute are reasonable. Tex. Civ. Prac. & Rem. Code § 38.003.

Crucial differences between *Arthur Anderson* and this action—an hourly fee sought to be recovered under Chapter 38, compared with the contingency fee sought under the Deceptive Trade Practices Act—would caution against a rigid adherence to the *Arthur Anderson* standards here. A better evaluation would be

the one this Court mentioned in *Thomas*: the number of hours worked, and the hourly rate. 2008 Tex. App. Lexis 5881 at *5

### 1. The Record Supports Judge Parish's Conclusion that McGee's Attorneys' Fees were Reasonable.

As a threshold matter, EXCO suggests that McGee failed to file evidence of her attorney's fees with the trial court, and that Judge Parish abused her discretion by awarding them anyway. (Appellants Brief at 17). This Court noted in *Thomas v. Bobby D. Assocs.*, "[i]t is not necessary for the court to receive evidence on each of [the *Arthur Anderson*] factors. 2008 Tex. App. Lexis 5881 at *5. To determine whether a trial court has abused its discretion, an appellate court "must focus on the record *that was before the court*." *In re Servicios Legales de MesoAmerica S. de R.L.*, 2014 Tex. App. LEXIS 2505 *23 (Tex. App.—Corpus Christi 2014, no pet.) (citing *Sabine OffShore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979)) (emphasis added). While appellate courts typically will not consider documents outside of the record, there are certainly exceptions to the rule, such as

appellate courts taking judicial notice of their own records on subsequent appeals of the same case. *Id* at *23-24.

Pursuant to a Rule 11 agreement, on February 18, 2014, McGee submitted a letter, affidavits, and time records evidencing the attorney's fees that she incurred. (App. Tab 1). The affidavits included sworn statements from her attorneys that: the reasonable value of the fees she incurred was $39,733.75; the fees charged were reasonable, necessary, and incurred while prosecuting the lawsuit and; the fees were customary in East Texas for the same or similar services by an attorney of comparable qualifications.

While EXCO acknowledges receipt of these documents, it denies their appearance in the record and asserts that Judge Parish did not receive them. (Appellant's Brief at 17). However, the trial court's Findings of Fact specifically noted McGee's submission of her affidavits to the court, and Judge Parish's ruling awarded the precise amount stated in McGee's affidavits. (Appellant's App. Tab 2). Because both EXCO and Judge Parish acknowledge receipt of McGee's affidavits on the record, even if

the affidavits themselves *were* inadvertently excluded from the formal record, this Court should consider them in order to properly evaluate the record that was before Judge Parish when she made her ruling.

EXCO also argues that McGee's attorneys' hourly rates of $300.00 and $450.00 were not customary or reasonable in East Texas for a "case with an amount in controversy of less than $35,000.00". (Appellant's Brief at 21). Ignoring the fact that EXCO's two-attorney trial team billed at a higher combined rate than did McGee's single-attorney team, EXCO's argument presents a backwards view of the situation, particularly since McGee's damages are unliquidated: at the outset of the lawsuit, the amount in controversy was not readily determinable. (App. Tab 1 and App. Tab 2). Only after developing the case, obtaining appraisals, and consulting experts did the amount in controversy make itself apparent. By that point, the lawsuit had been pending for multiple years, with attorney's fees accruing as the case developed. It would be absolutely counterintuitive for any litigant in McGee's position to turn around and fire her attorneys because

their fees, which have remained unchanged throughout litigation, suddenly become too expensive. Such is precisely the outcome Chapter 38 forestalls.

## 2. EXCO Grossly Mischaracterizes the Authority it Cites to Justify Disturbing Judge Parish's Ruling.

A trial judge's award of attorney's fees cannot be disturbed absent an abuse of discretion. *See Pegasus Energy Group, Inc. v. Cheyenne Petroleum Co.*, 3 S.W.3d 112 (Tex. App.—Corpus Christi 1999, pet. denied). Only when a trial court acts in an unreasonable, arbitrary manner, or without reference to any guiding rules, may a reviewing court find an abuse of discretion. *Id.* Beyond that, however, the amount of an award of attorney's fees rests in the sound discretion of the trial court. *Owen Elec. Supply, Inc. v. Brite Day Constr., Inc.*, 821 S.W.2d 283, 288 (Tex. App.—Houston [1st Dist.] 1991, writ denied).

### a. The Texas Supreme Court's Precedent Supports Judge Parish's Award of Attorney's Fees.

EXCO relies heavily on *Smith v. Patrick W.Y. Tam Trust* to paint McGee's incurred attorney's fees as unreasonable as a

matter of law, but that reliance is misplaced. 296 S.W.3d 545 (Tex. 2009). In that case, a plaintiff seeking $215,000 recovered $65,000 in damages and $0 in attorney's fees from the jury; however, on appeal, the intermediate court awarded the plaintiff $47,438.75 in attorney's fees. *Id.* at 546-47. The Texas Supreme Court reversed the Court of Appeals' award and remanded the action for a new trial on fees, holding that the appellate court simply could not award fees in contravention of the jury's verdict. *Id.* at 548. Contrary to EXCO's assertion that the *amount* of fees was unreasonable in light of the damages awarded, the *Smith* holding addressed only the fact that the appellate court awarded them at all. *Id.* It went so far as to note that "on retrial, the evidence may support a similar fee award but that is a matter *within the jury's purview....*" *Id.* (emphasis added). While EXCO's claim that "the fee award, which was 72.98% of the damages recovered, was found to be unreasonable as a matter of law," is factually accurate, it contorts the holding almost beyond recognition. (Appellant's Brief at 19).

Additionally, *Findlay* merits a passing mention here. In *Findlay*, the Texas Supreme Court upheld an award of $17,250 in attorney's fees after a plaintiff made a liquidated pre-trial demand for $47,830.29 and was awarded only $5,624.23 in damages at trial. *Findlay v. Cave*, 611 S.W.2d 57 (Tex. 1981). This directly contradicts EXCO's suggestion that attorney's fees should be formulaically limited by a claimant's damages. It also contradicts EXCO's suggestion that a demand greatly in excess of litigant's actual recovery precludes the recovery of attorney's fees. While EXCO cites *Findlay* for its rules regarding excessive demand, it conveniently overlooks the case's actual holding and precedential value.

### b. None of EXCO's Cited Authority Addresses Attorney's Fees Awarded by a Judge Under Chapter 38.

Though EXCO cites numerous cases challenging the propriety of McGee's fee award, none of them speak to the dispute before this Court. *See generally Thomas*, 2008 LEXIS 5881; *Arthur Anderson & Co.*, 945 S.W.2d 812; *Smith*, 296 S.W.3d 545; *Musgrave v. Brookhaven Lake Prop. Owners Ass'n*, 990 S.W.2d

386 (Tex. App.—Texarkana 1999, pet. denied) Every case that EXCO cites to challenge McGee's attorney fees, with the exception of *Musgrave*, submitted the question of fees to the jury, not the judge. The *Musgrave* opinion addressed attorney's fees awarded by a trial judge; however, the court took great care to distinguish the fee-recovery mechanism at issue in that case with the mechanism available under Chapter 38. *See Musgrave*, 990 S.W.2d at 401.

EXCO also discusses this Court's holding in *Thomas v. Bobby D. Assocs.* at some length. 2008 Lexis 5881 (Tex. App.—Tyler 2008, no pet.). In *Thomas*, this Court took specific issue with the facts that seven lawyers worked on the case consecutively, and the claimant failed to provide any sort of time records or evidence supporting the fee award. *Id.* at *11-12. The case at bar presents a stark contrast, with a single attorney performing the vast majority of the work, and evidence supporting the requested award. (App. Tab 1). While EXCO draws numerous comparisons between the case at bar and *Thomas*—such as the complexity of the issues, length of the trial, and the total recovery—it overlooks these

substantial differences. Moreover, it overlooks the fact that *Thomas* submitted the question of attorney's fees to the jury, not the trial judge.

EXCO also analogizes the extensive dormant periods in *Thomas* (sometimes for years at a time) to the case at bar, taking great pains to highlight periods of inactivity in this case. In doing so, it seems to suggest that because there were periods of inactivity here, the fees billed during active periods are somehow invalidated. This misses the mark: to some degree, all cases go through periods of inactivity. The relevant question is whether the requested fees were for time spent producing new work, or for time spent revisiting old work; this Court took specific issue with the latter in *Thomas*. *Id.* The record is unclear as to how, exactly, EXCO's attorneys bill their time, but the typical model is to bill for time spent working, not time spent inactive. The periods of inactivity here do not give rise to the sort of overworked case that *Thomas* took issue with, and none of the substantial factors upon which *Thomas* based its holding are present.

### c. The Mechanical Formulation of Attorney's Fees Urged by EXCO Contravenes Chapter 38's Function and Purpose.

Throughout its argument, EXCO focuses on the mathematical relationship between fees and damages as a touchstone of reasonableness. While such an examination certainly produces dramatic figures, such as the "ten-to-one ratio" of attorney's fees to damages that EXCO challenges, it finds no basis in the law. *Pegasus Energy Group, Inc. v. Cheyenne Petroleum Co.* presents a striking counterpoint to EXCO's claims that damages somehow limit attorney's fees. In that case, the trial judge awarded attorney's fees of $293,821.43 where actual damages were assessed at $148,154.47. 3 S.W.3d at 132. Despite the attorney's fees exceeding actual damages by $145,666.96, the reviewing court upheld the fees as reasonable and necessary. *Id.* Moreover, *Bencon Mgmt. & Gen. Contr., Inc. v. Boyer, Inc.*, which this Court cited in *Thomas v. Bobby D. Assocs.*, presents an even greater disparity: an affirmed award of just over $282,000 in attorney's fees for a trial recovery of $81,336.83 in damages. 178 S.W.3d 198, 209 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

The fees at issue here, on the other hand, exceed the jury's damage award by only $35,665.50. While neither comparison is embraced by the case law, their differences underscore the fallacy of attempting to reconcile a damages award with attorney's fees by some mathematical method.

Despite its repeated use of ratios, percentages, and fractions to compare attorney's fees to damages, EXCO does not cite a single holding that determines the propriety of claimant's fees using a ratio, percentage, fraction, or any other mathematical formulation. EXCO's assertion that "there is no set ratio that is deemed excessive for all cases," while accurate, is dreadfully understated: Appellee is unaware of *any* set ratio specifically deemed excessive for *any* case. By referring to authority for little beyond its dollar values, EXCO cites numerous cases that undermine its own contentions. McGee would respectfully urge this Court to hold EXCO to the authority that it cites.

C.    <u>Remittitur is Inappropriate Because Judge Parish's Award of Attorney's Fees is Fully Supported by the Record.</u>

For the same reasons that McGee is entitled to recover her attorney's fees, so too is she entitled to recover the full measure thereof. Remittitur is inappropriate here, and EXCO cites no authority demonstrating otherwise.

## V. PRAYER

Appellee Mary K. McGee respectfully prays that this Court affirm the trial court's judgment awarding her the reasonable attorney's fees that she incurred while prosecuting this action.

Respectfully submitted,
Sloan, Bagley, Hatcher & Perry Law Firm
101 East Whaley Street
P.O. Drawer 2909
Longview, Texas 75606
Telephone: 903-757-7000
Telecopier: 903-757-7574

By: _/s/ Justin A. Smith_
JOHN D. SLOAN, JR.
Texas Bar No. 18505100
E-mail: jsloan@sloanfirm.com
JUSTIN A. SMITH
Texas Bar No. 24068415
E-mail: jsmith@sloanfirm.com

**ATTORNEYS FOR APPELLEE**
**MARY K. McGEE**

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to Rule 9.5, Texas Rules of Appellate Procedure, that a true and correct copy of the foregoing brief was served upon the following counsel electronically, through the electronic filing manager, and via certified mail, return receipt requested, on this the 8th day of July, 2015:

Jennifer Parker Ainsworth
E-mail: jainsworth@wilsonlawfirm.com
Matthew T. Milam
E-mail: mmilam@wilsonlawfirm.com

[Attorneys for Appellee EXCO Operating Company, LP]

Wilson, Robertson, and Cornelius, P.C.
One American Center
909 ESE Loop 323, Suite 400 [01]
P.O. Box 7339
Tyler, Texas 75711-7339
Telephone: (903) 509-5000
Telecopier: (903) 509-5091

_____

## CERTIFICATE OF COMPLIANCE

I, JUSTIN A. SMITH, attorney for Appellee Mary K. McGee, hereby certify, pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), that there are 6361 words in the foregoing Appellant's Brief. I am making this certification based upon reliance on the word count of the computer program used to create Appellee's Brief.

# TABLE OF CONTENTS TO APPELLEE'S APPENDIX

| Description | Tab |
|---|---|
| Plaintiff's Affidavits on Attorneys' Fees. | 1 |
| EXCO – Attorneys' Fees Response | 2 |
| Plaintiff's Reply to Def. Response on Attorneys' Fees | 3 |
| Tex. Civ. Prac. & Rem. Code Chapter 38 | 4 |
| Plaintiff's Trial Exhibits 3, 6, 7 (Photographs) | 5 |

APPENDIX TAB 1

## AFFIDAVIT OF J. RYAN FOWLER

STATE OF TEXAS         §
GREGG COUNTY        §

Before me, the undersigned notary, on this day personally appeared J. RYAN FOWLER, the affiant, whose identity is known to me. After I administered an oath, affiant testified as follows:

1. "My name is J. RYAN FOWLER. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I am an attorney licensed to practice in the State of Texas.

3. Plaintiff retained Sloan, Bagley, Hatcher & Perry Law Firm to represent her in this suit for breach of contract. I have personal knowledge of this case and the work performed.

4. I received my J.D. degree from the Baylor University and have practiced personal injury and civil litigation in Texas since 2007. I am a member of American Association for Justice, Texas Trial Lawyers Association, East Texas Trial Lawyers Association, Houston Trial Lawyers Association, College of the State Bar of Texas, American Board of Trial Advocates. I am board certified in Personal Injury Trial Law by the Texas Board of Legal Specialization. I am admitted to practice in all state and federal jurisdictions in Texas.

5. It was necessary for Plaintiff to retain attorneys in this case. It was necessary for paralegals and legal assistants to work on this case.

6. The paralegals and legal assistants assigned to this case (1) are qualified by education, experience, and training to perform the services required, (2) have knowledge of the legal system, principles, and procedures, (3) were supervised by an attorney, (4) performed tasks that are traditionally done by an attorney, and (5) performed services that were reasonable and necessary.

7. Plaintiff's retention of Sloan, Bagley, Hatcher & Perry Law Firm on this case prevented the lawyers from accepting other employment. Sloan, Bagley, Hatcher, & Perry Law Firm was hired on September 3, 2008, suit was filed on June 24, 2009 and the case was tried on February 13, 2014.

8. Plaintiff agreed to compensate me for my work.

9. Over 200 (two hundred) hours of firm time was spent on this suit in (1) investigating claims, (2) drafting pleadings, questions, and responses, (3) engaging in discovery, (4) attending hearings, and (5) taking other necessary actions to perform my legal services properly. A detailed description of the hours and work performed in this case is attached as Exhibit A.

10.    In my opinion, the reasonable values of the attorney fees necessarily incurred by Plaintiff are $39,773.75, for representing Plaintiff in trial and through entry of judgment.

11.    The attorney fees charged in this case were necessary, reasonable, and incurred in the prosecution of this suit.

12.    The fees claimed in this affidavit were not segregated because the discrete legal services advanced claims for which attorney fees are recoverable. The only cause of action asserted was breach of a written contract.

13.    The fees I charged are those customarily charged in this area for the same or similar services by an attorney with my experience, reputation, and ability, considering the nature of the controversy, the time limits imposed, the results obtained compared with results in similar cases, and the nature and length of my relationship with Plaintiff."



J. RYAN FOWLER

Sworn to and subscribed before me by J. RYAN FOWLER on the ___18___ day of February, 2014.

_____
Notary Public in and for
the State of Texas
My commission expires: ___9-3-17___

SUSIE HUTCHINSON
Notary Public, State of Texas
My Commission Expires
September 03, 2017

# Transactions Copy of Listing

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|-----------------------------------------------------|------------------------|-------|-------|-------|
| **Component: Time** | | | | | | |
| 9/3/2008 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Case File set up | Time | 1.50 | 75.00 | 112.50 |
| 9/3/2008 | JDS | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Meet with client to discuss claim | Time | 2.00 | 450.00 | 900.00 |
| 9/4/2008 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Memo to JDS event chronology | Time | 1.50 | 75.00 | 112.50 |
| 9/10/2008 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Review Documents provided by client | Time | 2.00 | 300.00 | 600.00 |
| 10/3/2008 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Schedule Depo of Plaintiff's Expert | Time | 0.50 | 75.00 | 37.50 |
| 10/14/2008 | JDS | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Meet with client | Time | 0.50 | 450.00 | 225.00 |
| 1/13/2009 | JDS | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Visit with Mr. Freeman | Time | 0.75 | 450.00 | 337.50 |
| 5/6/2009 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Research Company | Time | 2.50 | 75.00 | 187.50 |
| 5/6/2009 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Research Company | Time | 2.50 | 300.00 | 750.00 |
| 6/21/2009 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Draft and Revised Petition | Time | 1.50 | 300.00 | 450.00 |
| 6/23/2009 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Finalize petition & file suit | Time | 0.50 | 300.00 | 150.00 |
| 6/29/2009 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Citations returned from court | Time | 0.10 | 75.00 | 7.50 |

**EXHIBIT**

*A*

# Transactions Copy of Listing

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|---|---|---|---|---|---|---|
| 7/14/2009 | JDS | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Call to Client | Time | 0.20 | 450.00 | 90.00 |
| 7/17/2009 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Recieve & Review Defendants Answer | Time | 0.20 | 300.00 | 60.00 |
| 8/16/2009 | JDS | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Call from Amy York | Time | 0.20 | 450.00 | 90.00 |
| 8/17/2009 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Recieve & Review Defendants Responses to RFD | Time | 0.50 | 300.00 | 150.00 |
| 11/12/2009 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Recieve & Review RFD to Plaintiff | Time | 0.20 | 300.00 | 60.00 |
| 11/24/2009 | JDS | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Meet with client | Time | 0.50 | 450.00 | 225.00 |
| 12/14/2009 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Draft reponse to RFD | Time | 0.50 | 300.00 | 150.00 |
| 12/16/2009 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Revise & Send RFD's to Defs | Time | 0.20 | 300.00 | 60.00 |
| 12/21/2009 | JF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Travel and photograph property | Time | 4.00 | 75.00 | 300.00 |
| 12/22/2009 | JF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Meet with client regarding damage & photos/email to assistant | Time | 1.75 | 75.00 | 131.25 |
| 8/16/2010 | JDS | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Call from Def counsel Amy York | Time | 0.10 | 450.00 | 45.00 |
| 8/16/2010 | JDS | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Meet with clients | Time | 1.00 | 450.00 | 450.00 |
| 8/16/2010 | JDS | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Email to assistant re file transfer | Time | 0.20 | 450.00 | 90.00 |

# Transactions Copy of Listing

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|---|---|---|---|---|---|---|
| 8/24/2010 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Review File | Time | 2.50 | 75.00 | 187.50 |
| 8/24/2010 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Review File | Time | 2.50 | 75.00 | 187.50 |
| 8/31/2010 | JDS | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Contact letter from Amy York | Time | 0.10 | 450.00 | 45.00 |
| 1/3/2011 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Petition Returned in mail (resubmitted); contact Def<br>about taking down hearing | Time | 0.50 | 75.00 | 37.50 |
| 4/5/2011 | JDS | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Compile Discovery & Send to Def | Time | 1.00 | 450.00 | 450.00 |
| 5/11/2011 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Recieve and review discovery responses | Time | 1.00 | 300.00 | 300.00 |
| 9/19/2011 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Receive & Review Def Special Exceptions | Time | 0.30 | 300.00 | 90.00 |
| 9/20/2011 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Discovery from Defendant | Time | 0.50 | 300.00 | 150.00 |
| 9/26/2011 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Submit & discuss discovery with client | Time | 0.50 | 75.00 | 37.50 |
| 10/17/2011 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Draft Discovery Responses | Time | 1.00 | 300.00 | 300.00 |
| 10/19/2011 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Review & revise dicovery response | Time | 0.50 | 300.00 | 150.00 |
| 10/20/2011 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Finalize & Submit Discovery responses | Time | 0.50 | 300.00 | 150.00 |
| 10/20/2011 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Calls to/from client re: discovery | Time | 1.00 | 75.00 | 75.00 |

# Transactions Copy of Listing

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|---|---|---|---|---|---|---|
| 11/4/2011 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Recieve & Review Golden Rule from Def | Time | 0.20 | 300.00 | 60.00 |
| 11/9/2011 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Receive & review request to enter property &<br>additional discovery requests; call | Time | 0.20 | 300.00 | 60.00 |
| 11/22/2011 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Submit & discuss discovery with client | Time | 0.50 | 75.00 | 37.50 |
| 11/22/2011 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Receive & review Def Answer | Time | 0.30 | 300.00 | 90.00 |
| 12/7/2011 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Recieve & review offer to settle from Def & Discuss<br>with client | Time | 0.30 | 300.00 | 90.00 |
| 12/9/2011 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Draft Discovery Responses | Time | 0.30 | 300.00 | 90.00 |
| 12/12/2011 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Finalize & Submit Discovery Responses | Time | 1.20 | 300.00 | 360.00 |
| 12/15/2011 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Receive & Calendar Hearing on Special Exceptions | Time | 0.10 | 75.00 | 7.50 |
| 12/27/2011 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Draft Amended Petition | Time | 0.50 | 300.00 | 150.00 |
| 12/27/2011 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Emails to Ryan | Time | 0.50 | 75.00 | 37.50 |
| 12/28/2011 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Review & Revise 1st Amended Petition | Time | 0.30 | 300.00 | 90.00 |
| 1/3/2012 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Emails to Ryan/Contact court re: hearing<br>cancellation | Time | 1.00 | 75.00 | 75.00 |

# Transactions Copy of Listing

| Date | Prof | MatterID/Client Sort Matter Description Narrative | Component Task Code | Units | Price | Value |
|------|------|---------------------------------------------------|---------------------|-------|-------|-------|
| 1/11/2012 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Draft Counter | Time | 0.30 | 300.00 | 90.00 |
| 1/12/2012 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Contact client regarding depo & inspection dates | Time | 0.50 | 75.00 | 37.50 |
| 1/12/2012 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Contact client regarding depo & inspection dates | Time | 0.50 | 75.00 | 37.50 |
| 1/23/2012 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Revise & submit Counter & letter regarding depo & inspection date | Time | 1.00 | 75.00 | 75.00 |
| 1/24/2012 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Confirm removal of hearing on Special Exceptions with court | Time | 0.50 | 75.00 | 37.50 |
| 1/28/2012 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Letter Requesting for Dep dates for David Merideth Survey & Prop SO | Time | 0.50 | 300.00 | 150.00 |
| 5/11/2012 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Emails to Ryan re: Def. contact | Time | 0.20 | 75.00 | 15.00 |
| 2/4/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Letter Resonding to Scheduling Order & Depo | Time | 0.20 | 300.00 | 60.00 |
| 3/11/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Receive & Review Letter regarding trial from Def. | Time | 0.10 | 300.00 | 30.00 |
| 3/19/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Recieve & review email regarding inspection dates | Time | 0.10 | 300.00 | 30.00 |
| 3/22/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Letter to Def Regarding Inspection Dates | Time | 0.20 | 300.00 | 60.00 |
| 4/1/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Recieve & Review email regarding inspection dates | Time | 0.10 | 300.00 | 30.00 |

# Transactions Copy of Listing

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|------|------|------|------|------|
| 4/1/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>File proposed SO with Court | Time | 0.10 | 75.00 | 7.50 |
| 4/3/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Recieve & Review from Def cancelling inspection | Time | 0.10 | 300.00 | 30.00 |
| 4/3/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Contact client regarding inspection | Time | 0.20 | 75.00 | 15.00 |
| 4/5/2013 | JF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Property Inspection- | Time | 3.50 | 75.00 | 262.50 |
| 4/8/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Submit file marked SO to Def | Time | 0.20 | 75.00 | 15.00 |
| 4/9/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Recieve & Review Def offer to settle | Time | 0.10 | 300.00 | 30.00 |
| 4/10/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Submit rejection to settlement offer | Time | 0.10 | 300.00 | 30.00 |
| 4/12/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Recieve & Review Discovery from Def | Time | 0.50 | 300.00 | 150.00 |
| 4/30/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Letter from Def re: Damage Model | Time | 0.10 | 300.00 | 30.00 |
| 5/6/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Call from Defenese | Time | 0.10 | 75.00 | 7.50 |
| 5/6/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Call from Defense | Time | 0.10 | 75.00 | 7.50 |
| 5/8/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Call Def/Client/Ryan set up depositions | Time | 0.50 | 75.00 | 37.50 |
| 5/8/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Call Def/client/Ryan Set up Depos | Time | 0.50 | 75.00 | 37.50 |

# Transactions Copy of Listing

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|------------------------------------------|------------|-------|--------|--------|
| 5/21/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Research timber/land expert review file & send Ryan info | Time | 3.00 | 75.00 | 225.00 |
| 5/21/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Expert Research & Send Research Info | Time | 3.00 | 75.00 | 225.00 |
| 5/21/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Recieve & Review Depo Notices | Time | 0.20 | 300.00 | 60.00 |
| 5/26/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Expert Research | Time | 2.00 | 300.00 | 600.00 |
| 6/4/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Review/scan docs to Ryan/Expert | Time | 1.00 | 75.00 | 75.00 |
| 6/4/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Review/scan docs to Ryan | Time | 1.00 | 75.00 | 75.00 |
| 6/5/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Expert Research/Contact | Time | 1.00 | 300.00 | 300.00 |
| 6/10/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Conact Expert Ryan re Expert Des-Call Def | Time | 1.00 | 75.00 | 75.00 |
| 6/10/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Rule 11 on Expert Designation | Time | 0.30 | 300.00 | 90.00 |
| 6/13/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Expert Research | Time | 2.00 | 300.00 | 600.00 |
| 6/13/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Draft & Submit Expert Designations | Time | 0.50 | 300.00 | 150.00 |
| 6/13/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Rule 11 on Expert Designation | Time | 0.20 | 300.00 | 60.00 |
| 6/18/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Expert Research | Time | 1.00 | 75.00 | 75.00 |

# Transactions Copy of Listing

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|----------------------------------------------------------|------------------------|-------|-------|-------|
| 6/18/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Expert Research | Time | 0.50 | 300.00 | 150.00 |
| 6/24/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Supplemental Expert Designation | Time | 0.50 | 300.00 | 150.00 |
| 6/28/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Prep clients and attend Depo | Time | 4.50 | 300.00 | 1,350.00 |
| 7/17/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Receive & Review Depositions | Time | 3.00 | 300.00 | 900.00 |
| 7/19/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Submit depo to clients for revision | Time | 0.50 | 75.00 | 37.50 |
| 7/24/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Contact Expert | Time | 0.20 | 300.00 | 60.00 |
| 8/1/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Rule 11 on Expert Designations | Time | 0.20 | 300.00 | 60.00 |
| 8/5/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Meet with client regarding depo revisions submit to<br>Depo Resources | Time | 0.50 | 75.00 | 37.50 |
| 8/12/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Contact Expert | Time | 0.20 | 75.00 | 15.00 |
| 8/13/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Contact Expert | Time | 0.20 | 75.00 | 15.00 |
| 8/14/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Contact Expert | Time | 0.20 | 75.00 | 15.00 |
| 8/15/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Letter to Def Extending trial date | Time | 0.20 | 300.00 | 60.00 |
| 8/16/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Contact Expert | Time | 0.20 | 75.00 | 15.00 |

# Transactions Copy of Listing

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|----------------------------------------------------|------------------------|-------|-------|-------|
| 8/21/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Email to Matt re: trial dates | Time | 0.20 | 300.00 | 60.00 |
| 9/30/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Call from Expert | Time | 0.50 | 75.00 | 37.50 |
| 9/30/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Call from Expert | Time | 0.50 | 75.00 | 37.50 |
| 9/30/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Call from Expert | Time | 0.30 | 300.00 | 90.00 |
| 10/1/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Supplemental Expert Designation | Time | 0.30 | 300.00 | 90.00 |
| 10/3/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Schedule Plaintiff's Expert Depo | Time | 0.50 | 75.00 | 37.50 |
| 10/8/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Calls to/from Expert | Time | 0.50 | 75.00 | 37.50 |
| 10/8/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Calls to/from Expert | Time | 0.50 | 300.00 | 150.00 |
| 10/11/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Receive & Review depo notice for Expert Blair Abney | Time | 0.20 | 300.00 | 60.00 |
| 10/15/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Get dates for Def's expert to view land | Time | 0.50 | 75.00 | 37.50 |
| 10/16/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Contact Expert | Time | 0.50 | 75.00 | 37.50 |
| 10/17/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Get dates for Def's expert to view land | Time | 0.20 | 75.00 | 15.00 |
| 10/28/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>New Demand | Time | 0.50 | 300.00 | 150.00 |

# Transactions Copy of Listing

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|----------------------------------|--------|-------|-------|-------|
| 10/31/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Contact mediators | Time | 1.00 | 75.00 | 75.00 |
| 11/4/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Schedule Mediation | Time | 0.50 | 75.00 | 37.50 |
| 11/5/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Calls/emails to schedule mediation | Time | 0.75 | 75.00 | 56.25 |
| 11/5/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Schedule Mediation | Time | 0.75 | 75.00 | 56.25 |
| 11/6/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Scheduling Mediation & Inspection contacting all<br>parties-many calls | Time | 1.50 | 75.00 | 112.50 |
| 11/6/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Schedule Mediation & Property Inspection | Time | 1.50 | 75.00 | 112.50 |
| 11/7/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Help Jeff w/insp info | Time | 0.50 | 75.00 | 37.50 |
| 11/7/2013 | JF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Plaintiff's Property Inspection | Time | 3.00 | 75.00 | 225.00 |
| 11/13/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Schedule Mediation | Time | 0.50 | 75.00 | 37.50 |
| 11/15/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Confirm Mediation scheduling | Time | 0.20 | 75.00 | 15.00 |
| 11/15/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Receive & Review Def Expert Witness Report | Time | 1.50 | 300.00 | 450.00 |
| 11/16/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Letter to Client Re Mediation | Time | 0.30 | 75.00 | 22.50 |
| 11/18/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Confirm Mediation Scheduling | Time | 0.20 | 75.00 | 15.00 |

# Transactions Copy of Listing

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|------|------|------|------|------|
| 11/26/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Letter to client re: Mediation | Time | 0.30 | 75.00 | 22.50 |
| 12/16/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Review FIle for Mediation Prep | Time | 2.00 | 300.00 | 600.00 |
| 12/17/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Mediation Prep | Time | 3.00 | 75.00 | 225.00 |
| 12/18/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Emails to Ryan in Mediation | Time | 0.50 | 75.00 | 37.50 |
| 12/18/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Emails to Ryan in Mediation | Time | 0.50 | 75.00 | 37.50 |
| 12/18/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Travel & Mediation | Time | 4.50 | 300.00 | 1,350.00 |
| 12/19/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Email from Def RE Expert Depo/Contact Expert | Time | 0.50 | 75.00 | 37.50 |
| 12/20/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Email to Ryan RE Expert Depo | Time | 0.10 | 75.00 | 7.50 |
| 12/26/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Emails RE Expert Depo | Time | 0.20 | 75.00 | 15.00 |
| 12/27/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Emails RE Expert Depo & Discovery Deadline | Time | 0.50 | 75.00 | 37.50 |
| 12/31/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Email from Def RE Discovery Rule 11 | Time | 0.10 | 75.00 | 7.50 |
| 1/2/2014 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Return Rule 11 RE Discovery Deadline | Time | 0.20 | 75.00 | 15.00 |
| 1/3/2014 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Schedule Expert Depo/Update trial notebook | Time | 3.00 | 75.00 | 225.00 |

## AFFIDAVIT OF JOHN D. SLOAN

STATE OF TEXAS       §
GREGG COUNTY       §

Before me, the undersigned notary, on this day personally appeared JOHN D. SLOAN, the affiant, whose identity is known to me. After I administered an oath, affiant testified as follows:

1. "My name is JOHN D. SLOAN. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I am an attorney licensed to practice in the State of Texas. I have been licensed since 1980.

3. Plaintiff retained Sloan, Bagley, Hatcher & Perry Law Firm to represent her in this suit for breach of contract. I have personal knowledge of this case and the work performed.

4. I received my J.D. degree from the Baylor University and have practiced personal injury and civil litigation in Texas since 1980. I am a member of Northeast Texas Bar Association, Texas Bar Foundation, Gregg County Bar Association, Texas Trial Lawyers Association-(Associate Director, 1991-1995 and Director, 1996-2001), East Texas Trial Lawyers Association-(Vice President, 1998 and President, 1999-2001), and I am currently serving as the president of the Trial Lawyers College. I am admitted to practice in all state and federal jurisdictions in Texas.

5. It was necessary for Plaintiff to retain attorneys in this case. It was necessary for paralegals and legal assistants to work on this case.

6. The paralegals and legal assistants assigned to this case (1) are qualified by education, experience, and training to perform the services required, (2) have knowledge of the legal system, principles, and procedures, (3) were supervised by an attorney, (4) performed tasks that are traditionally done by an attorney, and (5) performed services that were reasonable and necessary.

7. Plaintiff's retention of Sloan, Bagley, Hatcher & Perry Law Firm on this case prevented the lawyers from accepting other employment. Sloan, Bagley, Hatcher, & Perry Law Firm was hired on September 3, 2008, suit was filed on June 24, 2009 and the case was tried on February 13, 2014.

8. Plaintiff agreed to compensate me for my work.

9. Over 200 (two hundred) hours of firm time was spent on this suit in (1) investigating claims, (2) drafting pleadings, questions, and responses, (3) engaging in discovery, (4) attending hearings, and (5) taking other necessary actions to perform my legal services properly. A detailed description of the hours and work performed in this case is attached as Exhibit A.

10. In my opinion, the reasonable values of the attorney fees necessarily incurred by Plaintiff are $39,773.75, for representing Plaintiff in trial and through entry of judgment.

11. The attorney fees charged in this case were necessary, reasonable, and incurred in the prosecution of this suit.

12. The fees claimed in this affidavit were not segregated because the discrete legal services advanced claims for which attorney fees are recoverable. The only cause of action asserted was breach of a written contract.

13. The fees I charged are those customarily charged in this area for the same or similar services by an attorney with my experience, reputation, and ability, considering the nature of the controversy, the time limits imposed, the results obtained compared with results in similar cases, and the nature and length of my relationship with Plaintiff."

JOHN D. SLOAN

Sworn to and subscribed before me by JOHN D. SLOAN on the 18th day of February, 2014.

Notary Public in and for
the State of Texas
My commission expires: 5/4/15

BEVERLY HAYDEN
Notary Public, State of Texas
My Commission Expires
May 04, 2015

# Transactions Copy of Listing

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|---|---|---|---|---|---|---|
| **Component: Time** | | | | | | |
| 9/3/2008 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Case File set up | Time | 1.50 | 75.00 | 112.50 |
| 9/3/2008 | JDS | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Meet with client to discuss claim | Time | 2.00 | 450.00 | 900.00 |
| 9/4/2008 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Memo to JDS event chronology | Time | 1.50 | 75.00 | 112.50 |
| 9/10/2008 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Review Documents provided by client | Time | 2.00 | 300.00 | 600.00 |
| 10/3/2008 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Schedule Depo of Plaintiff's Expert | Time | 0.50 | 75.00 | 37.50 |
| 10/14/2008 | JDS | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Meet with client | Time | 0.50 | 450.00 | 225.00 |
| 1/13/2009 | JDS | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Visit with Mr. Freeman | Time | 0.75 | 450.00 | 337.50 |
| 5/6/2009 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Research Company | Time | 2.50 | 75.00 | 187.50 |
| 5/6/2009 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Research Company | Time | 2.50 | 300.00 | 750.00 |
| 6/21/2009 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Draft and Revised Petition | Time | 1.50 | 300.00 | 450.00 |
| 6/23/2009 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Finalize petition & file suit | Time | 0.50 | 300.00 | 150.00 |
| 6/29/2009 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Citations returned from court | Time | 0.10 | 75.00 | 7.50 |

EXHIBIT
A

# Transactions Copy of Listing

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|---|---|---|---|---|---|---|
| 7/14/2009 | JDS | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Call to Client | Time | 0.20 | 450.00 | 90.00 |
| 7/17/2009 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Recieve & Review Defendants Answer | Time | 0.20 | 300.00 | 60.00 |
| 8/16/2009 | JDS | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Call from Amy York | Time | 0.20 | 450.00 | 90.00 |
| 8/17/2009 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Recieve & Review Defendants Responses to RFD | Time | 0.50 | 300.00 | 150.00 |
| 11/12/2009 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Recieve & Review RFD to Plaintiff | Time | 0.20 | 300.00 | 60.00 |
| 11/24/2009 | JDS | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Meet with client | Time | 0.50 | 450.00 | 225.00 |
| 12/14/2009 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Draft reponse to RFD | Time | 0.50 | 300.00 | 150.00 |
| 12/16/2009 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Revise & Send RFD's to Defs | Time | 0.20 | 300.00 | 60.00 |
| 12/21/2009 | JF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Travel and photograph property | Time | 4.00 | 75.00 | 300.00 |
| 12/22/2009 | JF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Meet with client regarding damage & photos/email to assistant | Time | 1.75 | 75.00 | 131.25 |
| 8/16/2010 | JDS | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Call from Def counsel Amy York | Time | 0.10 | 450.00 | 45.00 |
| 8/16/2010 | JDS | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Meet with clients | Time | 1.00 | 450.00 | 450.00 |
| 8/16/2010 | JDS | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Email to assistant re file transfer | Time | 0.20 | 450.00 | 90.00 |

# Transactions Copy of Listing

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|---|---|---|---|---|---|---|
| 8/24/2010 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Review File | Time | 2.50 | 75.00 | 187.50 |
| 8/24/2010 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Review File | Time | 2.50 | 75.00 | 187.50 |
| 8/31/2010 | JDS | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Contact letter from Amy York | Time | 0.10 | 450.00 | 45.00 |
| 1/3/2011 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Petition Returned in mail (resubmitted); contact Def<br>about taking down hearing | Time | 0.50 | 75.00 | 37.50 |
| 4/5/2011 | JDS | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Compile Discovery & Send to Def | Time | 1.00 | 450.00 | 450.00 |
| 5/11/2011 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Recieve and review discovery responses | Time | 1.00 | 300.00 | 300.00 |
| 9/19/2011 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Receive & Review Def Special Exceptions | Time | 0.30 | 300.00 | 90.00 |
| 9/20/2011 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Discovery from Defendant | Time | 0.50 | 300.00 | 150.00 |
| 9/26/2011 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Submit & discuss discovery with client | Time | 0.50 | 75.00 | 37.50 |
| 10/17/2011 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Draft Discovery Responses | Time | 1.00 | 300.00 | 300.00 |
| 10/19/2011 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Review & revise dicovery response | Time | 0.50 | 300.00 | 150.00 |
| 10/20/2011 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Finalize & Submit Discovery responses | Time | 0.50 | 300.00 | 150.00 |
| 10/20/2011 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Calls to/from client re: discovery | Time | 1.00 | 75.00 | 75.00 |

# Transactions Copy of Listing

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|---|---|---|---|---|---|---|
| 11/4/2011 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Recieve & Review Golden Rule from Def | Time | 0.20 | 300.00 | 60.00 |
| 11/9/2011 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Receive & review request to enter property &<br>additional discovery requests; call | Time | 0.20 | 300.00 | 60.00 |
| 11/22/2011 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Submit & discuss discovery with client | Time | 0.50 | 75.00 | 37.50 |
| 11/22/2011 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Receive & review Def Answer | Time | 0.30 | 300.00 | 90.00 |
| 12/7/2011 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Recieve & review offer to settle from Def & Discuss<br>with client | Time | 0.30 | 300.00 | 90.00 |
| 12/9/2011 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Draft Discovery Responses | Time | 0.30 | 300.00 | 90.00 |
| 12/12/2011 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Finalize & Submit Discovery Responses | Time | 1.20 | 300.00 | 360.00 |
| 12/15/2011 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Receive & Calendar Hearing on Special Exceptions | Time | 0.10 | 75.00 | 7.50 |
| 12/27/2011 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Draft Amended Petition | Time | 0.50 | 300.00 | 150.00 |
| 12/27/2011 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Emails to Ryan | Time | 0.50 | 75.00 | 37.50 |
| 12/28/2011 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Review & Revise 1st Amended Petition | Time | 0.30 | 300.00 | 90.00 |
| 1/3/2012 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Emails to Ryan/Contact court re: hearing<br>cancellation | Time | 1.00 | 75.00 | 75.00 |

# Transactions Copy of Listing

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|-----------------------------------------------------|------------------------|-------|-------|-------|
| 1/11/2012 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Draft Counter | Time | 0.30 | 300.00 | 90.00 |
| 1/12/2012 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Contact client regarding depo & inspection dates | Time | 0.50 | 75.00 | 37.50 |
| 1/12/2012 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Contact client regarding depo & inspection dates | Time | 0.50 | 75.00 | 37.50 |
| 1/23/2012 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Revise & submit Counter & letter regarding depo &<br>inspection date | Time | 1.00 | 75.00 | 75.00 |
| 1/24/2012 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Confirm removal of hearing on Special Exceptions<br>with court | Time | 0.50 | 75.00 | 37.50 |
| 1/28/2012 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Letter Requesting for Dep dates for David Merideth<br>Survey & Prop SO | Time | 0.50 | 300.00 | 150.00 |
| 5/11/2012 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Emails to Ryan re: Def. contact | Time | 0.20 | 75.00 | 15.00 |
| 2/4/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Letter Resonding to Scheduling Order & Depo | Time | 0.20 | 300.00 | 60.00 |
| 3/11/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Receive & Review Letter regarding trial from Def. | Time | 0.10 | 300.00 | 30.00 |
| 3/19/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Recieve & review email regarding inspection dates | Time | 0.10 | 300.00 | 30.00 |
| 3/22/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Letter to Def Regarding Inspection Dates | Time | 0.20 | 300.00 | 60.00 |
| 4/1/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Recieve & Review email regarding inspection dates | Time | 0.10 | 300.00 | 30.00 |

# Transactions Copy of Listing

| Date | Prof | MatterID/Client  Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|------|------|------|------|------|
| 4/1/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>File proposed SO with Court | Time | 0.10 | 75.00 | 7.50 |
| 4/3/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Recieve & Review from Def cancelling inspection | Time | 0.10 | 300.00 | 30.00 |
| 4/3/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Contact client regarding inspection | Time | 0.20 | 75.00 | 15.00 |
| 4/5/2013 | JF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Property Inspection- | Time | 3.50 | 75.00 | 262.50 |
| 4/8/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Submit file marked SO to Def | Time | 0.20 | 75.00 | 15.00 |
| 4/9/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Recieve & Review Def offer to settle | Time | 0.10 | 300.00 | 30.00 |
| 4/10/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Submit rejection to settlement offer | Time | 0.10 | 300.00 | 30.00 |
| 4/12/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Recieve & Review Discovery from Def | Time | 0.50 | 300.00 | 150.00 |
| 4/30/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Letter from Def re: Damage Model | Time | 0.10 | 300.00 | 30.00 |
| 5/6/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Call from Defenese | Time | 0.10 | 75.00 | 7.50 |
| 5/6/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Call from Defense | Time | 0.10 | 75.00 | 7.50 |
| 5/8/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Call Def/Client/Ryan set up depositions | Time | 0.50 | 75.00 | 37.50 |
| 5/8/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Call Def/client/Ryan Set up Depos | Time | 0.50 | 75.00 | 37.50 |

# Transactions Copy of Listing

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|-----------------------------------------------------|------------------------|-------|-------|-------|
| 5/21/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Research timber/land expert review file & send Ryan info | Time | 3.00 | 75.00 | 225.00 |
| 5/21/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Expert Research & Send Research Info | Time | 3.00 | 75.00 | 225.00 |
| 5/21/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Recieve & Review Depo Notices | Time | 0.20 | 300.00 | 60.00 |
| 5/26/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Expert Research | Time | 2.00 | 300.00 | 600.00 |
| 6/4/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Review/scan docs to Ryan/Expert | Time | 1.00 | 75.00 | 75.00 |
| 6/4/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Review/scan docs to Ryan | Time | 1.00 | 75.00 | 75.00 |
| 6/5/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Expert Research/Contact | Time | 1.00 | 300.00 | 300.00 |
| 6/10/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Conact Expert Ryan re Expert Des-Call Def | Time | 1.00 | 75.00 | 75.00 |
| 6/10/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Rule 11 on Expert Designation | Time | 0.30 | 300.00 | 90.00 |
| 6/13/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Expert Research | Time | 2.00 | 300.00 | 600.00 |
| 6/13/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Draft & Submit Expert Designations | Time | 0.50 | 300.00 | 150.00 |
| 6/13/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Rule 11 on Expert Designation | Time | 0.20 | 300.00 | 60.00 |
| 6/18/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Expert Research | Time | 1.00 | 75.00 | 75.00 |

# Transactions Copy of Listing

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|------------------------------------------------------------|------------------------|-------|-------|-------|
| 6/18/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Expert Research | Time | 0.50 | 300.00 | 150.00 |
| 6/24/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Supplemental Expert Designation | Time | 0.50 | 300.00 | 150.00 |
| 6/28/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Prep clients and attend Depo | Time | 4.50 | 300.00 | 1,350.00 |
| 7/17/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Receive & Review Depositions | Time | 3.00 | 300.00 | 900.00 |
| 7/19/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Submit depo to clients for revision | Time | 0.50 | 75.00 | 37.50 |
| 7/24/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Contact Expert | Time | 0.20 | 300.00 | 60.00 |
| 8/1/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Rule 11 on Expert Designations | Time | 0.20 | 300.00 | 60.00 |
| 8/5/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Meet with client regarding depo revisions submit to<br>Depo Resources | Time | 0.50 | 75.00 | 37.50 |
| 8/12/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Contact Expert | Time | 0.20 | 75.00 | 15.00 |
| 8/13/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Contact Expert | Time | 0.20 | 75.00 | 15.00 |
| 8/14/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Contact Expert | Time | 0.20 | 75.00 | 15.00 |
| 8/15/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Letter to Def Extending trial date | Time | 0.20 | 300.00 | 60.00 |
| 8/16/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Contact Expert | Time | 0.20 | 75.00 | 15.00 |

# Transactions Copy of Listing

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|---|---|---|---|---|---|---|
| 8/21/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Email to Matt re: trial dates | Time | 0.20 | 300.00 | 60.00 |
| 9/30/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Call from Expert | Time | 0.50 | 75.00 | 37.50 |
| 9/30/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Call from Expert | Time | 0.50 | 75.00 | 37.50 |
| 9/30/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Call from Expert | Time | 0.30 | 300.00 | 90.00 |
| 10/1/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Supplemental Expert Designation | Time | 0.30 | 300.00 | 90.00 |
| 10/3/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Schedule Plaintiff's Expert Depo | Time | 0.50 | 75.00 | 37.50 |
| 10/8/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Calls to/from Expert | Time | 0.50 | 75.00 | 37.50 |
| 10/8/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Calls to/from Expert | Time | 0.50 | 300.00 | 150.00 |
| 10/11/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Receive & Review depo notice for Expert Blair Abney | Time | 0.20 | 300.00 | 60.00 |
| 10/15/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Get dates for Def's expert to view land | Time | 0.50 | 75.00 | 37.50 |
| 10/16/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Contact Expert | Time | 0.50 | 75.00 | 37.50 |
| 10/17/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Get dates for Def's expert to view land | Time | 0.20 | 75.00 | 15.00 |
| 10/28/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>New Demand | Time | 0.50 | 300.00 | 150.00 |

# Transactions Copy of Listing

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|------|------|------|------|------|
| 10/31/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Contact mediators | Time | 1.00 | 75.00 | 75.00 |
| 11/4/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Schedule Mediation | Time | 0.50 | 75.00 | 37.50 |
| 11/5/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Calls/emails to schedule mediation | Time | 0.75 | 75.00 | 56.25 |
| 11/5/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Schedule Mediation | Time | 0.75 | 75.00 | 56.25 |
| 11/6/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Scheduling Mediation & Inspection contacting all<br>parties-many calls | Time | 1.50 | 75.00 | 112.50 |
| 11/6/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Schedule Mediation & Property Inspection | Time | 1.50 | 75.00 | 112.50 |
| 11/7/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Help Jeff w/insp info | Time | 0.50 | 75.00 | 37.50 |
| 11/7/2013 | JF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Plaintiff's Property Inspection | Time | 3.00 | 75.00 | 225.00 |
| 11/13/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Schedule Mediation | Time | 0.50 | 75.00 | 37.50 |
| 11/15/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Confirm Mediation scheduling | Time | 0.20 | 75.00 | 15.00 |
| 11/15/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Receive & Review Def Expert Witness Report | Time | 1.50 | 300.00 | 450.00 |
| 11/16/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Letter to Client Re Mediation | Time | 0.30 | 75.00 | 22.50 |
| 11/18/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Confirm Mediation Scheduling | Time | 0.20 | 75.00 | 15.00 |

# Transactions Copy of Listing

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|--------------------------------------|--------|-------|-------|-------|
| 11/26/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Letter to client re: Mediation | Time | 0.30 | 75.00 | 22.50 |
| 12/16/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Review FIle for Mediation Prep | Time | 2.00 | 300.00 | 600.00 |
| 12/17/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Mediation Prep | Time | 3.00 | 75.00 | 225.00 |
| 12/18/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Emails to Ryan in Mediation | Time | 0.50 | 75.00 | 37.50 |
| 12/18/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Emails to Ryan in Mediation | Time | 0.50 | 75.00 | 37.50 |
| 12/18/2013 | JRF | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Travel & Mediation | Time | 4.50 | 300.00 | 1,350.00 |
| 12/19/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Email from Def RE Expert Depo/Contact Expert | Time | 0.50 | 75.00 | 37.50 |
| 12/20/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Email to Ryan RE Expert Depo | Time | 0.10 | 75.00 | 7.50 |
| 12/26/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Emails RE Expert Depo | Time | 0.20 | 75.00 | 15.00 |
| 12/27/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Emails RE Expert Depo & Discovery Deadline | Time | 0.50 | 75.00 | 37.50 |
| 12/31/2013 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Email from Def RE Discovery Rule 11 | Time | 0.10 | 75.00 | 7.50 |
| 1/2/2014 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Return Rule 11 RE Discovery Deadline | Time | 0.20 | 75.00 | 15.00 |
| 1/3/2014 | NH | 2717-001 / McGee, Mary<br>Mary McGee vs. EXCO Partners Operating<br>Schedule Expert Depo/Update trial notebook | Time | 3.00 | 75.00 | 225.00 |

APPENDIX TAB 2

| MARY K. MCGEE | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 115TH JUDICIAL DISTRICT |
| | § | |
| EXCO OPERATING COMPANY, LP | § | UPSHUR COUNTY, TEXAS |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES

## TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Defendant EXCO Operating Company, LP ("EXCO"), and files this Response to Plaintiff's Request for Attorneys' Fees, and shows the following:

### I. INTRODUCTION

Plaintiff recovered $4,108.25 in damages at trial in this matter. Plaintiff now seeks to recover $39,773.75 in attorney's fees from EXCO, or approximately ten times the amount of actual damages recovered, and over $5,000 more than Plaintiff even sought from the jury at trial. *See Affidavit of J. Ryan Fowler* and *Affidavit of John D. Sloan.* Plaintiff should be barred from recovering from attorneys' fees in this matter because her demands of $90,000 to EXCO, or approximately twenty-two times the amount recovered at trial, were excessive. Alternatively, in the event this Court finds that Plaintiff's demands for $90,000 were not excessive, Plaintiff should be awarded an amount substantially less than the $39,773.75 amount sought, and no more than the $4,108.25 of actual damages.

### II. FACTUAL BACKGROUND

In this matter Plaintiff made two separate written demands on EXCO of $90,000. First, on January 23, 2012, Plaintiff's counsel requested payment of $90,000 from EXCO, indicating that EXCO's offer would not fully compensate Plaintiff for her alleged losses, which purportedly

included "destruction of grass, trees, land by pits and excavations dug, and change of drill location on land which Plaintiff intended to build." *See* Exhibit "A."[1] Second, on April 10, 2013, Plaintiff's counsel requested payment of $90,000 from EXCO, again referencing the same purported damages. *See* Exhibit "B."[2]

These demands were made on behalf of Plaintiff prior to Plaintiff's deposition testimony. Subsequent to these demands, Plaintiff admitted in her deposition that she had no estimate of what her damages were:

41

Q Okay. And I don't want to get into anything that you've discussed with your attorney, so you don't have to tell me anything that you've discussed with him but do you have any ballpark estimate of what your damages are?

A Not at this time.

Q Okay. So you can't say whether this $16,518.25

42

total on Exhibit No. 2 would be a fair amount of compensation or not?

A It appears to be grossly low.

Q Okay. And what do you base that on?

A The property value and the timber amount.

Q Okay. You believe you're entitled to more than $4,108.25 for the lost timber?

A Yes.

*See* Exhibit "C," *Deposition of Mary K. McGee*, 41:19-42:8.

---

[1] Exhibit "A" was previously marked as Defendant's Exhibit 3, but was not offered as such before the jury given the parties' agreement to submit the issues of excessive demand and attorneys' fees to the Court for determination.

[2] Exhibit "B" was previously marked as Defendant's Exhibit 4, but was not offered as such before the jury given the parties' agreement to submit the issues of excessive demand and attorneys' fees to the Court for determination.

At trial Plaintiff recovered only damages for trees, totaling $4,108.25.

## III. ARGUMENTS AND AUTHORITIES

A. ***Plaintiff is not entitled to attorneys' fees because her $90,000 demands were excessive.***

In order to recover attorney's fees under the general attorney's fees statute a party must be represented by an attorney, must have presented the claim to the opposing party, and the opposing party must have failed to tender payment of the "just amount owed" within 30 days of being presented with the claim. TEX. CIV. PRAC. & REM. CODE § 38.002. The Plaintiff must make an assertion of a debt or claim and a request for payment. *Huff v. Fidelity Un. Life Ins.* 312 S.W.2d 493, 500 (Tex. 1958). However, a creditor who makes an excessive demand of a debtor is not entitled to attorney fees for the litigation required to recover the debt. *Findlay v. Cave,* 611 S.W.2d. 57, 58 (Tex. 1981). The dispositive inquiry for determining whether a demand is excessive is whether the claimant acted unreasonably or in bad faith. *Wayne v. A.V.A Vending, Inc.*, 52 S.W.3d 412, 418 (Tex. App.–Corpus Christi 2001, pet denied); *citing Findlay v. Cave,* 611 S.W.2d. at 58. If a claimant demands monies to which he is not entitled, that demand is unreasonable and consequently excessive. *Wayne v. A.V.A Vending, Inc.,* 52 S.W.3d at 418.

One example of an excessive demand occurred in *Wayne v. A.V.A Vending, Inc.*, 52 S.W.3d 412 (Tex. App.–Corpus Christi 2001, pet denied). In *Wayne*, a breach of contract action, the plaintiff made a demand of $37,000, followed by an amended demand of $43,000. *Id.* at 414. However, the plaintiff only recovered $4,265 at trial. *Id.* The judgment of the trial court, which included a finding that such demands were unreasonable and therefore excessive, was affirmed. *Id.* at 419.

In this case Plaintiff demanded $90,000, yet only recovered $4,108.25 at trial. Thus, Plaintiff demanded almost twenty-times more than the amount the jury found she was entitled to.

Importantly, this is a far greater disparity than in the *Wayne* case, *supra*, which involved a much lesser amount demanded and a slightly greater recovery.

Additionally, it is clear that Plaintiff had no factual basis for demanding $90,000. Her deposition testimony clearly indicates that she didn't even have an estimate of her damages at the time she demanded $90,000 from EXCO. *See* Ex. C.

Lastly, Plaintiff did not attempt at any point in the trial to recover anything close to $90,000 in damages. Rather, she sought $34,156.25[3] in alleged damages at trial, or roughly a third of what she had demanded.

Given the enormous disparity in the amount demanded by Plaintiff and the amount awarded, the lack of any factual basis for her $90,000 demands, and the absence of any attempt to recover damages anywhere near the $90,000 demanded, Plaintiff's demands were unreasonable and therefore excessive. Accordingly, this Court should award no attorneys' fees to Plaintiff.

### B. The attorneys' fees sought are neither reasonable nor necessary.

In event this Court finds that Plaintiff did not make an excessive demand, EXCO alternatively asserts that the attorneys' fees sought by Plaintiff are neither reasonable nor necessary. Any recovery of attorneys' fees by Plaintiff should be substantially less than the $39,773.75 sought and no more than the actual damages of $4,108.25.

Any award of attorneys' fees must be supported by evidence that the fees are both reasonable and necessary. *Powell Elec. Systems, Inc. v. Hewlett Packard Co.*, 356 S.W.3d 113, 127-28 (Tex. App. – Houston [1st Dist.] 2011, no pet.) *citing Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991), *modified on other grounds by Tony Gullo I, L.P. v. Chapa*, 212

---

[3] This is comprised of $4,108.25 related to timber and $30,048 sought for an alleged reduction in the value of Plaintiff's property.

S.W.3d 299, 313-14 (Tex. 2006). The amount of an award of attorney's fees rests in the sound discretion of the trial court. *Owen Elec. Supply, Inc. v. Brite Day Constr., Inc.*, 821 S.W.2d 283, 288 (Tex. App.–Houston [1st Dist.] 1991, writ denied). The Texas Supreme Court has set out certain factors to be weighed in determining the reasonableness and necessity of attorney's fees, which include:

1. the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

2. the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer;

3. the fee customarily charged in the locality for similar legal services;

4. the amount involved and the results obtained;

5. the time limitations imposed by the client or by the circumstances;

6. the nature and length of the professional relationship with the client;

7. the experience, reputation, and ability of the lawyer or lawyers performing the services; and

8. whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

The "most critical factor" in determining the reasonableness of a fee award "is the degree of success obtained." *Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545, 548 (Tex. 2009) (quoting *Tex. State Teachers Ass'n v. Garland Ind. Sch. Dist.*, 489 U.S. 782, 793 (1989)). For example, in *Smith* the jury awarded $65,000 in damages. *Smith*, 296 S.W.3d at 546. Plaintiff sought $47,438.75 in attorney's fees, which was ultimately awarded by the Court of Appeals. *Id.* at 546-47. However, the Texas Supreme Court, noting that Plaintiff had sought $215,000 in damages but only recovered $65,000, ruled that the fees of $47,438.75 awarded were unreasonable in light of

the amount involved and the results obtained. *Id.* at 548. Thus, the fee award, which was 72.98% of the damages recovered, was found to be unreasonable as a matter of law.

Attached hereto as Exhibit "D" and incorporated herein fully, is the affidavit of Jennifer Ainsworth. For the reasons set forth in such affidavit, the fees sought by Plaintiff are neither reasonable nor necessary. The reasons such fees are neither reasonable nor necessary include generally:

- EXCO offered $16,518.25 to Plaintiff prior to this lawsuit being filed, which was over four times the actual damages awarded;

- The amount recovered at trial is far less than both the amount requested prior to trial and the amount requested at trial;

- The amount of fees sought exceeds the amount of actual damages sought at trial;

- The amount of fees sought greatly exceeds the amount of damages actually recovered; and

- The relative simplicity of the case, including the lack of novel or difficult issues of law.

Notably, whereas the Texas Supreme Court found a fee request of 72.98% of damages to be unreasonable in *Smith, supra*, Plaintiff now attempts to recover a fee which is approximately ten times the amount of damages recovered at trial. For the aforementioned reasons, including those stated within the affidavit of Jennifer Ainsworth and incorporated herein, the attorneys' fees sought by Plaintiff are neither reasonable nor necessary.

## IV. CONCLUSION

Plaintiff twice sent demands of $90,000 to EXCO. At trial Plaintiff only recovered $4,108.25. Given the enormous disparity between the amount demanded and the amount recovered, the lack of any factual basis for such $90,000 demands, and the lack of any attempt to recover damages anywhere close to $90,000, Plaintiff acted unreasonably in requesting such

amount. Therefore, Plaintiff's demand was excessive and Plaintiff should be barred from recovering any attorneys' fees.

Alternatively, in the event this Court finds that Plaintiff did not make an excessive demand, Plaintiff should be awarded an amount substantially less than the $39,773.75 amount sought, and no more than the $4,108.25 of actual damages. Plaintiff's request for fees which are almost ten times more than the amount of damages recovered are not reasonable or necessary for the reasons stated herein and in the affidavit of Jennifer Ainsworth.

**WHEREFORE, PREMISES CONSIDERED**, Defendants pray that Plaintiff recover no attorneys' fees due to her excessive demand or, alternatively, that Plaintiff only be awarded an amount of fees not exceeding $4,108.25, being the amount of actual damages recovered by Plaintiff, and for such other and further relief that may be awarded at law or in equity.

Respectfully submitted,

WILSON, ROBERTSON & CORNELIUS, P.C.
One American Center
909 ESE Loop 323, Suite 400 [01]
P.O. Box 7339
Tyler, Texas 75711-7339
Telephone: 903/509-5000
Telecopier: 903/509-5091

By: _____
JENNIFER P. AINSWORTH
State Bar No. 00784720
MATTHEW T. MILAM
State Bar No. 24065746

ATTORNEYS FOR DEFENDANTS
TXOK TEXAS ENERGY
RESOURCES, L.P., TXOK TEXAS
ENERGY HOLDINGS, LLC, and EXCO
OPERATING COMPANY, LP

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to the following counsel in compliance with the Texas Rules of Civil Procedure on this the 20th day of February, 2014.

John D. Sloan, Jr.
J. Ryan Fowler
SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM
P.O. Drawer 2909
Longview, Texas 75606


_____

Matthew T. Milam



## SLOAN, BAGLEY, HATCHER & PERRY
### LAW FIRM

January 23, 2012

**VIA FACSIMILE: (903) 509-5092**

Amy York
*Wilson, Robertson & Cornelius, P.C.*
P.O. Box 7339
Tyler, Texas 75711

JOHN D. SLOAN JR.
Board Certified - Personal Injury Trial Law
Texas Board of Legal Specialization
Board Certified Civil Trial Advocate
National Board of Trial Advocacy

LAUREEN F. BAGLEY
Licensed in Texas,
Louisiana and Mississippi
Certified Mediator

M. RAYMOND HATCHER
Licensed in Texas

GLENN A. PERRY
Board Certified - Personal Injury Trial Law
Texas Board of Legal Specialization
Board Certified Civil Trial Advocate
National Board of Trial Advocacy
Fellow American College of Trial Lawyers

J. RYAN FOWLER
Licensed in Texas

ALAN J. ROBERTSON
Licensed in Texas

CARSON R. RUNGE
Licensed in Texas

JUSTIN A. SMITH
Licensed in Texas

JEFF FULBRIGHT
Investigator
TDI License #000893?/10

Re:  *Mary McGee vs. TXOK Texas Energy Resources LP., et al*;
Cause No. 369-09;
115th Judicial District Court, Upshur County, Texas

Dear Ms. York:

I am in receipt of your letter dated December 7, 2011 offering $18,518.25 to settle Plaintiff's claim. Plaintiff has instructed me to reject your offer. Plaintiff does not feel that $18,518.25 fully compensates her for her losses including but not limited to damages cause by destruction of grass, trees, land by pits and excavations dug, and change of drill location on land which Plaintiff intended to build upon.

However, in a good faith effort to avoid the unnecessary time and expense associated with litigating this matter, my client has authorized me to offer to settle this matter for the immediate payment of $90,000.00. Please be advised that this counter- offer of settlement will remain open until 4:00 p.m. Tuesday, January 31, 2012. At the end of this period, the offer of settlement will be withdrawn. Should you desire any additional information or desire to discuss this matter, please feel free to contact me at anytime. Thank you for your prompt and professional attention to this matter.

Sincerely yours,

SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM

J. Ryan Fowler

JRF/nh

**EXHIBIT A**



## SLOAN, BAGLEY, HATCHER & PERRY
### LAW FIRM

April 10, 2013

**VIA FACSIMILE: (903) 509-5092**

Matthew T. Milam
*Wilson, Robertson & Cornelius, P.C.*
P.O. Box 7339
Tyler, Texas 75711

**JOHN D. SLOAN JR.**
Board Certified - Personal Injury Trial Law
Texas Board of Legal Specialization
Board Certified Civil Trial Advocate
National Board of Trial Advocacy

**LAUREEN F. BAGLEY**
Licensed in Texas,
Louisiana and Mississippi
Certified Mediator

**M. RAYMOND HATCHER**
Licensed in Texas

**GLENN A. PERRY**
Board Certified - Personal Injury Trial Law
Texas Board of Legal Specialization
Board Certified Civil Trial Advocate
National Board of Trial Advocacy
Fellow American College of Trial Lawyers

**J. RYAN FOWLER**
Licensed in Texas

**ALAN J. ROBERTSON**
Licensed in Texas

**CARSON R. RUNGE**
Licensed in Texas

**JUSTIN A. SMITH**
Licensed in Texas

**JEFF FULBRIGHT**
Investigator
TDI License #00089327/10

Re: <u>*Mary McGee vs. TXOK Texas Energy Resources L.P., et al*</u>;
Cause No. 369-09;
115th Judicial District Court, Upshur County, Texas

Dear Mr. Milam:

I am in receipt of your letter dated April 9, 2013 continuing to offer $18,518.25 to settle Plaintiff's claim as offered in the December 7, 2011 correspondence. Please know on January 12, 2013 responded to Defendant's offer. Plaintiff will therefore reiterate her original counter as she has instructed me to reject your offer. Plaintiff does not feel that $18,518.25 fully compensates her for her losses including but not limited to damages cause by destruction of grass, trees, land by pits and excavations dug, and change of drill location on land which Plaintiff intended to build upon.

However, in a good faith effort to avoid the unnecessary time and expense associated with litigating this matter, my client has authorized me to offer to settle this matter for the immediate payment of $90,000.00. Please be advised that this counter-offer of settlement will remain open until 4:00 p.m. Tuesday, April 30, 2013. At the end of this period, the offer of settlement will be withdrawn. Should you desire any additional information or desire to discuss this matter, please feel free to contact me at any time. Thank you for your prompt and professional attention to this matter.

Sincerely yours,

SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM

J. Ryan Fowler

JRF/nh



EXHIBIT

B

certain monetary amount for certain damages?  For example, it says location damages, $5,000?

A   Yes.

Q   And then, below that, it has pipeline right of way, it's got $3,895?

A   Yes.

Q   Okay.  Below that, it has road right of way?

A   Yes.

Q   It's $3,515?

A   Yes.

Q   And then, below that, it has lost timber, $4,821.25?

A   Yes, sir.

Q   Have you done any sort of -- or have you had anyone break down the damages in this lawsuit in that same manner, where it's allocated as to lost timber, the road right of way?

A   Not at this -- not yet.

Q   Okay.  And I don't want to get into anything that you've discussed with your attorney, so you don't have to tell me anything that you've discussed with him but do you have any ballpark estimate of what your damages are?

A   Not at this time.

Q   Okay.  So you can't say whether this $16,518.25



Electronically signed by Monique McAllister (601-327-985-4023)

257537f3-01d9-48fa-8250-5674c9e9d1eb

total on Exhibit No. 2 would be a fair amount of
compensation or not?

A   It appears to be grossly low.

Q   Okay.   And what do you base that on?

A   The property value and the timber amount.

Q   Okay.   You believe you're entitled to more than
$4,108.25 for the lost timber?

A   Yes.

Q   Okay.   Have you had anyone else give you a timber
appraisal?

A   Not recently.

Q   Have you ever had anyone give you a timber
appraisal for --

A   Not on the hardwoods.

Q   Okay.   So why did you say that that's low?

A   Because, I think, for the amount of property there,
was -- it's low, killing trees.

Q   Okay.   So this --

A   I don't have a specific value figure.

Q   Okay.   Do you have any specific knowledge of what
timber prices are for the sort of trees that were
removed?

A   Not yet.

Q   Okay.   You mentioned something about prop -- the
property value.   Are you asserting in this lawsuit

Electronically signed by Monique McAllister (601-327-985-4023)                    257537f3-01d9-48fa-8250-5674c9e9d1eb

CAUSE NO. 369-09

| MARY K. MCGEE | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 115TH JUDICIAL DISTRICT |
| | § | |
| EXCO OPERATING COMPANY, LP | § | UPSHUR COUNTY, TEXAS |

## AFFIDAVIT CONTROVERTING PLAINTIFF'S
## CLAIMED ATTORNEYS' FEES

Before me, the undersigned authority, personally appeared JENNIFER P. AINSWORTH, who, being by me duly sworn, deposed as follows:

"My name is Jennifer P. Ainsworth. I am over 18 years of age, of sound mind and capable of making this affidavit, which is based upon my personal knowledge and is true and correct. I am a Shareholder at the law firm of Wilson, Robertson, & Cornelius, P.C. I received my J.D. from the University of Texas School of Law. I was licensed to practice law in 1992 and have practiced law in Texas for over 21 years. I am admitted to practice in all state and federal jurisdictions in Texas. Since 2001, I have practiced law at Wilson, Robertson, & Cornelius, P.C., primarily in the state and federal courts of East Texas and the Eastern District of Texas. My practice includes commercial, tort and intellectual property litigation.

"In approximately July 2009, I was retained by EXCO Operating Company, LP, to defend the above-referenced lawsuit on its behalf. This suit is for breach of contract related to recovery of alleged surface damage to real property.

"I have been personally involved in the case and have personal knowledge of the handling of the case through jury trial. This affidavit is submitted in response to Plaintiff's counsels' affidavits requesting an award of attorneys' fees. It is my understanding that Plaintiff seeks to recover attorneys' fees in the amount of $39,773.75.

Affidavit Controverting Plaintiff's Claimed Attorneys' Fees



Page 1 of 5

"Based on my experience as an attorney and my involvement in this particular case, it is my opinion that the attorneys' fees and costs sought by Plaintiff are, respectfully, neither reasonable nor necessary. The reasons such requested attorneys' fees are neither reasonable nor necessary include the following:

1.    In March 2008, prior to any suit being filed, EXCO offered to pay Plaintiff $16,518.25, which included $4,108.25 as compensation for timber. (Defendant's Trial Exhibit 6). At the conclusion of the trial of this case, the jury awarded Plaintiff the sum of $4,108.25 for timber. The jury rejected the Plaintiff's other alleged damages. Thus, Plaintiff recovered less than one-fourth of what EXCO had offered to pay her prior to this lawsuit being filed. Because Plaintiff could have obtained a sum greater than four times the actual amount recovered at trial by simply accepting EXCO's pre-suit offer instead of filing suit, this litigation and the resulting attorneys' fees were neither reasonable nor necessary.

2.    Prior to trial, Plaintiff demanded $90,000 for alleged damages. This demand was first conveyed in January 2012 and no lower demands were ever conveyed before the mediation of the case in December 2013.

3.    At trial, Plaintiff sought damages in the amount of $34,156.25. The amount sought at trial was comprised of the amount alleged owing for timber, being $4,108.25, plus an alleged loss in value of Plaintiff's property of $30,048. Plaintiff only recovered $4,108.25 in damages, or approximately four and a half (4.5) percent of the amount requested prior to trial and twelve (12) percent of the damages sought at trial.

4.    The amount of attorneys' fees now sought exceeds the maximum amount of damages sought by Plaintiff at trial by $5,617.50. The requested attorneys' fees are likewise nearly ten times the $4,108.25 recovered in actual damages.

5. This matter did not involve novel or difficult issues of law. The only cause of action asserted was breach of contract. In that regard, the sole issue at trial was a single paragraph of a three page oil and gas lease. There were no counterclaims filed in this suit. The sole affirmative defense at issue is whether the demand made on Defendant was excessive. Given the lack of novel or difficult issues of law, the hourly rates of counsel for Plaintiff and the total amount of fees sought are not reasonable or necessary.

6. I believe this case should not have precluded other employment by counsel for Plaintiff, given the lack of novel or difficult issues of law and the amount at issue. The Plaintiff took no depositions and there were no discovery or other hearings in the case before the pretrial hearing. Furthermore, the billing records submitted by Plaintiff's counsel indicate multiple periods of months in which no work was performed. These gaps in work include:

   a.    October 14, 2008 to January 13, 2009 – **Approximately 3 months**;

   b.    January 13, 2009 to May 6, 2009 – **Approximately 4 months**;

   c.    August 17, 2009 to November 12, 2009 – **Approximately 3 months**;

   d.    December 22, 2009 to August 16, 2010 – **Approximately 8 months**;

   e.    August 31, 2010 to January 3, 2011 – **Approximately 4 months**;

   f.    January 3, 2011 to April 5, 2011 – **Approximately 3 months**;

   g.    May 11, 2011 to September 19, 2011 – **Approximately 4 months**;

   h.    January 28, 2012 to May 11, 2012 – **Approximately 3 months**; and

   i.    May 11, 2012 to February 4, 2013 – **Approximately 9 months**.

In other words, during the 4.5 years that this case was pending, there was no work performed in 41 months, or 3.4 years of that time.

7. It is further my opinion that the hourly rates of Plaintiff's counsel, being $450 and

$300, are not customary or reasonable in East Texas (or anywhere) for a case with an amount in controversy of less than $35,000. In defending this case I have charged an hourly rate of $200.00. Associate attorneys who have worked on this matter, including Matthew T. Milam, have charged an hourly rate of $150. These are reasonable rates to charge on this type of case in Upshur County, Texas.

8.      The affidavits submitted by Plaintiff's counsel indicate that the Plaintiff agreed to compensate them for the work done in this case. They do not state, however, that the Plaintiff actually has compensated them for any time spent. If counsel were actually being compensated based upon a contingency arrangement, their compensation would be based upon their recovery.

9.      Based upon the facts of this case including that, years before suit was filed, Defendant offered 4 times the amount recovered; that Plaintiff's own damage model was less than the amount now sought in attorneys' fees; and that the amount demanded during the course of the case was excessive in light of the allegedly recoverable damages, it is my opinion that Plaintiff should not be awarded attorneys' fees. If the Court, in its discretion, does award fees, it is my opinion that they should not exceed the amount awarded by the jury at trial."

SIGNED ON February 20, 2014.

_____
JENNIFER PARKER AINSWORTH, Affiant

SWORN TO AND SUBSCRIBED before me on the 20th day February, 2014 by Jennifer Parker Ainsworth.



SUSAN WHITEHURST
Notary Public
STATE OF TEXAS
My Comm. Exp. May 10, 2015

_____
Notary Public, State of Texas



APPENDIX TAB 3

CAUSE NO. 369-09

| | | |
|---|---|---|
| MARY K. MCGEE | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | |
| | § | 115th JUDICIAL DISTRICT |
| TXOK TEXAS ENERGY | § | |
| RESOURCES, LP., TXOK TEXAS | § | |
| ENERGY HOLDINGS, LLC., and | § | |
| EXCO OPERATING COMPANY, LP | § | OF UPSHUR COUNTY, TEXAS |

### PLAINTIFF'S REPLY TO DEFENDANTS' REQUESTED AMOUNT OFFERED ON PLAINTIFF'S ATTORNEYS' FEES

Plaintiff, MARY K. MCGEE, asks the Court to deny Defendants, TXOK TEXAS ENERGY RESOURCES, LP., TXOK TEXAS ENERGY HOLDINGS, LLC., and EXCO OPERATING COMPANY, LP's requested amount offered on Plaintiff's attorney's fees in this case.

### I.
### INTRODUCTION

1.       Plaintiff entered into a lease agreement with all three of the Defendants failed to follow through with the terms of lease agreement, thus forcing Plaintiff to retain counsel and sue the Defendants for breach of contract. Plaintiff prevailed at trial.

2.       Because Plaintiff was forced to retain counsel in order to vindicate her rights, she is entitled to recover attorney's fees under Texas Civil Practice & Remedies Code Chapter 38.

### II.
### BACKGROUND

3.       The parties presented their cases during a two-day jury trial commencing on February 12, 2014. The jury returned a verdict in favor of the Plaintiff and determined that the Defendants breached their contract with the Plaintiff. The jury awarded Plaintiff $4,108.25 in damages.

4.     On February 20, 2014, the Defendants submitted their Response to Plaintiff's Request for Attorney's Fees, in which they requested that the Court either disallow any attorneys' fees, or only award the Plaintiff her actual damages. In the main, the Defendants argued that (1) Plaintiff is not entitled attorneys' fee because her $90,000 demands were excessive, and (2) that the fees she seeks are neither reasonable nor necessary.

## III.
## ARGUMENT & AUTHORITIES

5.     Plaintiff is statutorily entitled to attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code because this is a suit for breach of contract. Tex. Civ. Prac. & Rem. Code § 38.001(a)(8). Plaintiff pled attorney's fees in her original petition and has met all requirements for recovery of attorney's fees pursuant to the procedure set forth in Chapter 38. Tex. Civ. Prac. & Rem. Code Ann. § 38.002.

6.     "The trial court's award of attorney's fees will not be disturbed absent an abuse of discretion." *See Pegasus Energy Group, Inc. v. Cheyenne Petroleum Co.*, 3 S.W.3d 112 (Tex. App. –Corpus Christi, pet. denied). "A trial court may be reversed for abusing its discretion only when the court of appeals finds the court acted in an unreasonable, arbitrary manner, or acted without reference to any guiding rules and principles." *Id.* "The determination of what is reasonable cannot be made by application of some mechanical formula." *See Flint & Assocs. v. Inter'l Pipe & Steel, Inc.*, 739 S.W.2d 622 (Tex. App. – Dallas 1987, writ denied). "Rather, the court must take into consideration the entire nature of the case." *Id.*

**A.     Plaintiff's Pre-Suit Demands Were Reasonable**

7.     Plaintiff's initial demand made prior to suit and prior to expert witnesses appraisals of the damages she incurred was made in good faith. Her demand was made with respect to an unliquidated claim, and gauged in response to the Defendants' settlement offers of

$16,518.25 and $18,518.25.[1]

8.      Plaintiff's second demand, made after suit was filed, but before expert witness appraisals were performed, was also lodged in response to verbal offers of additional money from Defendants.

9.      Defendants conveniently ignore the fact that Plaintiff's final pre-trial demand was for $60,000. This sum was offered in response to Defendant's' proposal to settle the dispute for $30,048.00. Thus, Plaintiff's demand was less than twice the Defendant's settlement offer.

10.      Apparently unhappy that they did not prevail, the Defendants have concocted an argument that Plaintiff's settlement demands were excessive. Nevertheless, they present zero evidence in support of their contention that any of the Plaintiff's settlement demands were communicated in bad faith. Indeed, their only argument boils down to the notion that Plaintiff's demands were abusive merely because they were greater than what the jury ultimately awarded her.[2]

11.      Defendants' reliance on *Findlay v. Cave*, 611 S.W.2d 57 (Tex. 1981) is entirely misplaced because the facts and holding in *Findlay* actually disprove their thesis. In *Findlay*, the plaintiff demanded $47,830.29, was ultimately awarded $5,624.23 in damages and $17,250 in attorney's fees. As in this case, the defendant in *Finlay* claimed that the discrepancy between what was initially demanded and what was eventually recovered demonstrated some kind of bad faith on the plaintiff's part. The Texas supreme court disagreed, holding that the defendant's arguments inaccurately defined " 'excessive demand' as any claim for an amount appreciably greater than that which a jury later determines is actually due…[this] cannot be the only criterion for determination, especially where the amount due is unliquidated." *Id.* at 58. The court went on

---

[1] *See* Defendants' Trial Exhibits 5 and 6.
[2] See Defendant's Response¶

to hold that the plaintiff's demand, which was approximately nine times greater than what was ultimately awarded, was in not an "excessive demand" as a matter of law. *Id.*

12. The second case cited by Defendants, *Wayne v. A.V.A. Vending, Inc.*, 52 S.W.3d 412 (Tex. App.—Corpus Christi 2001, pet. denied) is equally as unavailing. While Defendants correctly state that the demand in *Wayne* was found to be excessive and unreasonable, they overlook how that conclusion was reached. In order to bolster their vacuous arguments, Defendants cite *Wayne* in order to show that a demand is unreasonable because it was higher than what was ultimately recovered. This is simply untrue. In *Wayne*, the court was very clear that "in considering whether a demand is excessive or not, the dollar amount is not by itself indicative. The dispositive inquiry for determining whether a demand is excessive is whether the claimant acted unreasonably or in bad faith." *Id.* at 418. The court held the plaintiff's demand in *Wayne* was excessive based on the fact that not only had the claimant demanded twice the amount of damages that he was actually entitled to under the contract at issue, but also because the claimant included in his demand money that defendant had already paid. *Id.* In the case at hand, there is no evidence that Plaintiff demanded money that had already been paid by Defendant. In fact, at trial Defendants' corporate representative, John K. Walker, testified under oath that *no* money had been paid pursuant to the damages paragraph of the lease.[3]

13. Defendants go on to cite *Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545 (Tex. 2009) for their erroneous contentions. Again, Defendants contort case law on this point. In *Smith*, the appellate court remanded the case to the trial court for a new trial on the amount of attorney's fees, because, quite simply, it was held that an appellate court could not award attorney's fees in contravention of what a jury awarded. *Id.* at 548. The Court reasoned that "on retrial, the evidence may support a similar fee award but that is a matter within the jury's purview.... On,

---

[3] Plaintiff would ask the Court to take judicial notice of the trial testimony of Mr. John K. Walker.

this record, the Trust is not entitled to its fees as a matter of law." *Id.* at 548-549. In other words, The facts of *Smith* are nowhere close to the procedural posture of this case. Plaintiff is asking the trial court to award attorney's fees based on the jury's findings, not on remand after a fact-finding from the jury.

14.     With the above in mind, Defendants' argument that an award of attorney's fees that is greater than the amount of actual damages recovered is *not* the law in Texas. The *Finlay* case discussed above upheld an attorney's fee award of $17,250 on an actual damages award of $5,624.23. *See Findlay*, 611 S.W.2d at 57. Further underscoring the error in Defendants' argument was an award of attorney's fees in the amount of $293,821.43 where actual damages were assessed at $148,154.47. The fees were upheld as reasonable and necessary. *See Pegasus Energy Group, Inc. v. Cheyenne Petroleum Co.*, 3 S.W.3d 112 (Tex. App. –Corpus Christi, pet. denied). To make this point even more clear, the awarded attorney's fees in *Pegasus* were $145,666.96 greater than the actual damage award from the jury. *See id.*

15.     In practical terms, the Defendants' approach would require a court, once a plaintiff has prevailed, to then to look back and second guess whether a plaintiff made her initial demands in good faith simply because they recovered less than what was originally asked for This approach would have drastic consequences for both plaintiffs and defendants by penalizing them even when they acted in good faith, thereby chilling settlement negotiations which are encouraged by the courts. Indeed, taking Defendant's argument to the extreme, the fact that they offered over $30,000 to settle prior to suit (an amount greater than the damages ultimately awarded), would lead to a conclusion that *their* offer was excessive as a matter of law, exposing defense attorneys who recommend such offers to consequences from their clients.

**B.     Plaintiff's Requested Amount of Attorney's Fees is Both Reasonable and Necessary**

16.     Defendants argue that the hourly fees charged by Plaintiff's attorneys are unreasonable.[4] They point to the fact that they are charging lower hourly rates than Plaintiff's counsel. While it is nice to know that the Defendant's attorneys are not gouging their own clients, Defense averments omit how many *total* hours they have billed Defendants in this case.

17.     As the Court is well aware, an attorney who completes high-quality work at a quick pace is entitled to charge a higher fee than an attorney that charges lower rates, but takes longer to perform certain tasks. Plaintiff would point out that *one* of her attorneys J. Ryan Fowler, completed much of the same work that required two attorneys, Ms. Ainsworth and Mr. Milam, to complete for the Defendant.

18.     For example, Plaintiff would ask the Court to take judicial notice of the fact that Plaintiff had one attorney appear at docket call, pre-trial conference, hearings on Defendant's Motion to Exclude Plaintiff's Expert Defendant's exhibits, during voir dire and throughout trial. Indeed, Mr. Fowler tried Plaintiff's case from opening to closing. According to Ms. Ainsworth's affidavit, Defense Counsel would have charged the Defendants $350 per hour. Plaintiff's counsel only billed Mr. Fowler's hourly rate of $300.[5]

19.     Although Plaintiff's attorney's fees are reasonable and necessary, Plaintiff would also point out that her claim for attorney's fees is statutorily authorized and are assessed under Section 38.003, which provides that usual and customary fees are presumed reasonable in light of the record Tex. Civ. Prac. & Rem. Code §38.004. Under In this case, the attorneys' fees sought are usual and customary for Plaintiff's counsel in a case of this nature.

---

[4] See Affidavit of Jennifer Ainsworth.
[5] Compare, Affidavit of J. Ryan Fowler With Affidavit of Jennifer Ainsworth.

## IV.
## CONCLUSION

20.     None of the cases they have cited bear any resemblance to the case at hand, and in fact, the cases cited in Defendants' brief do not actually support their misunderstanding of the law. Thus, without any law on their side, the Defendant's rely on their say-so alone. Highlighting the falsity of their argument (and indeed, why they have pointed to law that does not exist), their arguments are unsupported by any evidence that Plaintiff's demands were excessive or made in bad faith. Nor have the Defendants explained why the attorneys' fees sought are either unreasonable or unnecessary.

21.     For these forgoing reasons, Plaintiff asks the Court to grant Plaintiff the full amount of the attorneys' fees requested $39,773.75.

Respectfully submitted,

SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM

BY: _____
J. RYAN FOWLER
State Bar No. 24058357
101 East Whaley Street
P.O. Drawer 2909
Longview, Texas 75606
Telephone:     (903) 757-7000
Facsimile:     (903) 757-7574

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument has been severed on all counsel of record pursuant to the Texas Rules of Civil Procedure on this 5th day of March, 2014.

_____
J. RYAN FOWLER

APPENDIX TAB 4

Sec. 38.001.   RECOVERY OF ATTORNEY'S FEES.
A person may recover reasonable attorney's
fees from an individual or corporation, in
addition to the amount of a valid claim and
costs, if the claim is for:

(1)   rendered services;

(2)   performed labor;

(3)   furnished material;

(4)   freight or express overcharges;

(5)   lost or damaged freight or express;

(6)   killed or injured stock;

(7)   a sworn account;  or

(8)   an oral or written contract.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff.
Sept. 1, 1985.

Sec. 38.002.   PROCEDURE FOR RECOVERY OF
ATTORNEY'S FEES.  To recover attorney's fees
under this chapter:

(1)   the claimant must be represented by an
attorney;

(2)   the claimant must present the claim to
the opposing party or to a duly authorized
agent of the opposing party;  and

(3)   payment for the just amount owed must
not have been tendered before the expiration

of the 30th day after the claim is presented.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.

Sec. 38.003.  PRESUMPTION.  It is presumed that the usual and customary attorney's fees for a claim of the type described in Section 38.001 are reasonable.  The presumption may be rebutted.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.

Sec. 38.004.  JUDICIAL NOTICE.  The court may take judicial notice of the usual and customary attorney's fees and of the contents of the case file without receiving further evidence in:

(1)  a proceeding before the court;  or

(2)  a jury case in which the amount of attorney's fees is submitted to the court by agreement.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.

Sec. 38.005. LIBERAL CONSTRUCTION. This chapter shall be liberally construed to promote its underlying purposes.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.

Sec. 38.006. EXCEPTIONS. This chapter does not apply to a contract issued by an insurer that is subject to the provisions of:

(1) Title 11, Insurance Code;

(2) Chapter 541, Insurance Code;

(3) the Unfair Claim Settlement Practices Act (Subchapter A, Chapter 542, Insurance Code); or

(4) Subchapter B, Chapter 542, Insurance Code.

APPENDIX TAB 5





MCGEE57

MARY McGEE 88.4 acres

Roland Estate *10



1"=400'

S&E
0.25 Ac.    2.44 Ac.
352/100

7.01 Ac.

S&E 352/100

*No drill*

*No drill*

69.4 Ac.   352/100
-7.01Ac.
-2.44 Ac.
-0.25Ac.
59.7 Ac.

McGee

n90w
322.4v

McGee

33.2 Ac.
352/100

s00w
582v

n00w
582v

322.4v
n90e

**MCGEE58**



MCGEE64


MCGEE65



MCGEE67



MCGEE82



MCGEE87



MCGEE89



MCGEE90



MCGEE91



MCGEE92





MCGEE97



MCGEE98



MCGEE99



MCGEE109



MCGEE100



MCGEE101



MCGEE102



MCGEE103



MCGEE109



MCGEE113



MCGEE116



MCGEE120
16 1:19PM





MCGEE78



MCGEE122
16 1:19PM









MCGEE132
15 5:37PM



MCGEE133
15 5:37PM







MCGEE136
15 5:36PM











MCGEE141
15 5:34PM



MCGEE142
15 5:31PM






MCGEE145
15 5:33PM


MCGEE146
15 5:33PM


MCGEE147
15 5:32PM



MCGEE148
15  5:32PM



MCGEE149
15 5:32PM

